PLYWOOD OSHKOSH, INC., Plaintiff-Respondent, v. VAN'S REALTY & CONSTRUCTION OF APPLETON, INC., Defendant-Appellant.†

*No. 75–218. Submitted on briefs September 6, 1977.—Decided October 4, 1977.*
(Also reported in 257 N. W. 2d 847.)

† Motion for rehearing denied, with costs, on January 3, 1978.

28

For the appellant the cause was submitted on the brief of *Joseph J. Shiff* and *Sigman, Shiff, Janssen & Zoesch* of Appleton.

For the respondent the cause was submitted on the brief of *H. Joseph Hildebrand* and *Flanagan, Steinhilder, Chaney & Hildebrand* of Oshkosh.

HANLEY, J. The sole issue here on appeal is whether the trial court erred in denying Van's a recovery of the damages allegedly caused by the defective plywood.

*Scope of Review*

The scope of review on this appeal will be controlled, to an extent, by the interpretation given the findings of the trial court. At the conclusion of the trial, the trial court stated: "The defendant has not established its offset. Such figures as were introduced were too speculative to be credible." The trial court continued, saying: "The court did not find that there was sufficient evidence establishing the amount. . . ." Finally, the trial court, in its findings of fact stated: "6. That the defendant introduced certain evidence relating to an alleged offset for defective products, but said offset was not proved." We are satisfied that the record indicates the trial court disallowed defendant's offset because of a lack of sufficient evidence to establish the actual damages.

*Finding as to Sufficiency*

The basic contention between the parties on this appeal goes not to the fact that Van's incurred expenses for the replacement of delaminating plywood, but rather to the amount of damages incurred.

With respect to damages, Jerome Haen, Secretary of Van's Realty, testified that in four homes substantial if not complete replacement work had to be done. Replacement in these instances required removal of the defective pieces and recutting, refinishing and reinstallation of substitute material. He also testified that one drawer front alone could take a man a half-hour to replace, and that to cut all the cabinet door and drawer fronts in a house could take more than a day. Haen estimated the cost of replacing the defective materials in the four homes requiring substantial repairs "in excess

of $600" and the cost of replacement in the other homes at $75.00 each. Total replacement expenses were estimated by Mr. Haen at "well over $1,200."

However, Mr. Haen testified that no itemization of replacement costs had been kept by Van's even though complaints from homeowners had been received as recently as a week before trial. Moreover, while the four homes requiring substantial repair were identified by name of owner and street, Haen could only testify that there were *"in the vicinity* of six to eight" additional houses where replacement work was done; that in these houses a Van's employee "would have to go over *periodically* and *maybe* replace a door and a drawer front"; and that Van's *might* get a call from that same customer three weeks later saying "there is another defective drawer." (emphasis supplied).

To warrant damages, the evidence must demonstrate that the injured party has sustained some injury and must establish sufficient data from which the trial court or jury could properly estimate the amount. *Krcmar v. Wisconsin River Power Co.,* 270 Wis. 640, 72 N.W.2d 328 (1955). The claimant generally has the burden of proving by credible evidence to a reasonable certainty his damage, and the amount thereof must be established at least to a reasonable certainty. *Naden v. Johnson,* 61 Wis.2d 375, 387, 212 N.W.2d 585 (1973). Compliance with the rule of reasonable certainty does not make it necessary for the claimant to prove his damages with mathematical accuracy. It is sufficient if they can be estimated by the trier of facts with a reasonable degree of certainty. *Novo Industrial Corp. v. Nissen,* 30 Wis.2d 123, 131, 140 N.W.2d 280 (1966).

Nevertheless, damages should be proven by statements of facts rather than by mere conclusions of the wit-

nesses, and a claimant's mere statement or assumption that he has been damaged to a certain extent without stating any facts on which the estimate is made is too uncertain. *Krcmar v. Wisconsin River Power Co., supra* at 646; 25A C. J. S., *Damages,* §162(1) at 72 (1966).

In the instant case no effort was made to elicit testimony from the four homeowners whose houses required substantial repairs as to the number of pieces they knew to have been replaced. Moreover, Van's was no doubt aware that the delamination problems first encountered in the summer of 1973 would continue throughout the fall and even later. To have expected Van's to have kept track of the expenses resulting from this repair work is not unreasonable, especially where the only expense incurred was cost of labor.

In the recent case of *Cutler Cranberry Co. v. Oakdale Electric Coop.*, 78 Wis.2d 222, 234–35, 254 N.W.2d 234 (1977), this court allowed recovery of a reasonable amount of damages even though proof of actual damages was uncertain. However, recovery is permitted under this rule only when, from the nature of the case, the extent of injury and the amount of damage are not capable of exact and accurate proof. *Cutler Cranberry Co., supra* at 234. This is not such a case for we are convinced that the damages were capable of exact and accurate proof.

The testimony as to the amount of damages, though not directly disputed by plaintiff, was nevertheless speculative and, together with the total lack of any corroboration by way of memoranda or other testimony, demonstrated an inherent improbability that the estimated amount of damages was reasonably accurate. The evidence was too uncertain to provide the trial court with sufficient basis to estimate Van's damages.

We conclude that the evidence concerning the amount of damages here was insufficient to form a basis of recovery and that the trial court's judgment denying defendant's setoff is affirmed.

*By the Court.*—Judgment affirmed.