Richard J. SNYDER and Carol J. Snyder, Plaintiffs-Appellants-Cross-Respondents,

v.

BADGERLAND MOBILE HOMES, INC., and Timothy St. Peter, Defendants-Respondents-Cross-Appellants.

Court of Appeals

*No. 02–0714. Submitted on briefs January 7, 2003.—Decided February 11, 2003.*

2003 WI App 49

(Also reported in 659 N.W.2d 887.)

On behalf of the plaintiffs-appellants-cross-respondents, the cause was submitted on the briefs of *George W. Love* of *Love, Voss, Murray & Goeschko* of Waukesha.

On behalf of the defendants-respondents-cross-appellants, the cause was submitted on the brief of *S. A. Schapiro* of Milwaukee.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. CURLEY, J. Richard and Carol Snyder appeal from the trial court's order granting the defendants' motion for summary judgment and dismissing their unfair business practice claims against the defendants, Badgerland Mobile Homes, Inc. and Timothy St. Peter. The Snyders contend that, under WIS. STAT. § 100.20(5) as well as WIS. ADMIN. CODE §§ ATCP 110.05(2) and 110.07(1)-(2),[1] the home improvement contract at issue violated the code in two respects: (1) by failing to list the address of the sales representative who negotiated the contract; and (2) by failing to specify start and completion dates for the improvements. Thus, they conclude that the contract was void. Badgerland and St. Peter cross-appeal from that part of the trial court's order denying their request for attorney's fees pursuant to WIS. STAT. § 802.05.

¶ 2. With respect to the alleged failure to list the address of the sales representative, the Snyders have failed to satisfy the statutory prerequisites of WIS. STAT. § 100.20(5) and WIS. ADMIN. CODE § ATCP 110.05(2)(a). Additionally, with respect to the contract's failure to provide the dates or time period within which the work was to begin and be completed, we conclude that the Snyders have failed to meet the requirements of WIS. ADMIN. CODE §§ ATCP 110.05(2)(d) and 110.07(1), and have also failed to establish any loss as required by

---

[1] All references to the Wisconsin Statutes and the Wisconsin Administrative Code are to the 1999–2000 versions unless otherwise noted.

774

§ 100.20(5). Accordingly, the trial court properly granted summary judgment. Finally, because we cannot conclude that the Snyders knew, or should have known, that the action was without any reasonable basis in law, we also affirm the trial court's denial of the defendants' request for attorney's fees.

## I. BACKGROUND.

¶ 3. On October 15, 2000, the Snyders entered into a home improvement contract with Badgerland for installation of a bathtub in their mobile home residence. They negotiated the contract with Badgerland's vice president, Timothy St. Peter. At the time they executed the agreement, the Snyders made a down payment of $2,200. The total cost under the contract was $2,323.20.

¶ 4. Before the agreement was signed, St. Peter informed the Snyders that they would have to leave their mobile home for one or two days while the bathtub was installed because, during installation, there would be no running water in the mobile home. Because the Snyders indicated they were unsure when they would be able to vacate their home, the contract failed to specify start and completion dates.

¶ 5. Before Badgerland could begin construction, the Snyders refused to allow performance under the contract. After allegedly hearing rumors of Badgerland's unreliability and deciding that they did not want to vacate their home for two nights, the Snyders sent Badgerland a letter declaring the contract void and requesting return of their down payment. Badgerland refused to return the down payment and offered to perform the construction. The Snyders again refused and, on January 5, 2001, filed a complaint

alleging unfair business practices against Badgerland and St. Peter and requesting double damages and attorney's fees.

¶ 6. On October 12, 2001, the defendants moved for summary judgment. On November 26, 2001, the defendants also filed a motion for attorney's fees pursuant to Wis. Stat. § 802.05(1), alleging that the Snyders' claims were frivolous. On January 22, 2002, the trial court granted the defendants' motion for summary judgment, but denied their request for attorney's fees.

## II. Analysis.

¶ 7. This appeal involves issues decided pursuant to summary judgment. Our review of the circuit court's decision to grant summary judgment is *de novo*. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–16, 401 N.W.2d 816 (1987).

¶ 8. Summary judgment must be granted if the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. Rule 802.08(2). Our methodology is the same as the trial court's. *Preloznik v. City of Madison*, 113 Wis. 2d 112, 116, 334 N.W.2d 580 (Ct. App. 1983). We must first determine whether the complaint states a claim. *Green Spring Farms*, 136 Wis. 2d at 315. If the plaintiff has stated a claim and the pleadings show the existence of factual issues, then we must examine whether the moving party has presented a defense that would defeat the claim. *Preloznik*, 113 Wis. 2d at 116. If the defendant has made a prima facie case for summary judgment, the court examines the pleadings, affidavits,

depositions, answers to interrogatories, and admissions on file to determine whether a genuine issue exists as to any material fact, or whether reasonable conflicting inferences may be drawn from undisputed facts, therefore requiring a trial. *Green Spring Farms*, 136 Wis. 2d at 315.

¶ 9. The present dispute centers on the home improvement contract between the Snyders and Badgerland. The Snyders claim the contract is void for failing to comply with Wis. Stat. § 100.20(5) and Wis. Admin. Code §§ ATCP 110.05(2) and 110.07(1). First, the Snyders claim that the contract violated § 100.20(5) and § ATCP 110.05(2)(a) by failing to list the address of Timothy St. Peter, who negotiated the contract. Second, they allege that that the contract violated § 100.20(5) and § ATCP 110.05(2)(d) and 110.07(1) by failing to specify start and completion dates for the improvements. However, because the contract sufficiently listed St. Peter's name and Badgerland's address, we conclude that § ATCP 110.05(2)(a) was not violated. Further, because the start and completion dates were omitted for the Snyders' benefit and they have failed to prove that they "suffer[ed] pecuniary loss" as required by § 100.20(5), we conclude that they have failed to establish the statutory prerequisites for a claim of an unfair business practice against Badgerland.

■■■■

¶ 10. In unfair trade practices or unfair competition actions, the plaintiff has the burden of establishing a statutory violation to a reasonable certainty by clear, satisfactory and convincing evidence. *See State v. Fonk's Mobile Home Park and Sales, Inc.*, 133 Wis. 2d 287, 301, 395 N.W.2d 786 (Ct. App. 1986). In such a case, we first

turn to the administrative regulation. *See Jackson v. DeWitt*, 224 Wis. 2d 877, 887, 592 N.W.2d 262 (Ct. App. 1999).

> The interpretation of a regulation is a question of law that we review de novo. We are to give effect to the intent of the regulation. In determining the intent, we look first to the plain meaning of the regulation. If it clearly and unambiguously sets forth the intent, it is our duty to merely apply that intent to the facts and circumstances of the question presented.

*Id.* (citations omitted).

¶ 11. Therefore, with respect to the Snyders' claims, we must first examine Wɪꜱ. Sᴛᴀᴛ. § 100.20(5) in conjunction with Wɪꜱ. Aᴅᴍɪɴ. Cᴏᴅᴇ §§ ATCP 110.05(2) and 110.07(1). Then we must apply this language to the facts of the case. Section 100.20(5) states:

**100.20 Methods of competition and trade practices.**

. . . .

**(5)** Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee.

The Snyders also brought their claims under two sections of the Wisconsin Administrative Code. Under the heading of Agriculture, Trade and Consumer Protection, § 110.05(2) states, in relevant part:

**ATCP 110.05 Home improvement contract requirements.**

. . . .

778

**(2)** If sub. (1) requires a written home improvement contract or the buyer signs a written contract, the written contract shall be signed by all parties and shall clearly, accurately and legibly set forth all material terms and conditions of the contract, including:

(a) The name and address of the seller, including the name and address of the sales representative or agent who solicited or negotiated the contract for the seller.

. . . .

(d) The dates or time period on or within which the work is to begin and be completed by the seller.

Finally, § ATCP 110.07(1) & (2) state:

### ATCP 110.07 Contract cancellation; return of payments.

**(1)** CONDITIONS WARRANTING EXERCISE OF BUYER'S REMEDIES. If, under a home improvement contract, a buyer pays a seller for any home improvement materials or services before the seller provides those materials or services to the buyer, the buyer may proceed under sub. (2) if any of the following occurs:

(a) The seller fails to provide the materials or services by a deadline specified in the home improvement contract.

(b) The seller fails to give buyer notice of an impending delay as required under s. ATCP 110.02 (7) (c), or fails to obtain the buyer's agreement to a new performance deadline.

(c) The buyer believes that the seller has failed to provide the materials or services in a timely manner, and the home improvement contract specifies no deadline for the seller to provide the materials or services.

779

**(2)** BUYER'S REMEDIES. If the conditions under sub. (1) are met, the buyer may do all of the following:

(a) Cancel the contract.

(b) Demand return of all payments which the seller has not yet expended on the home improvement.

(c) If the seller has used any of the buyer's payments to purchase materials for the home improvements, demand delivery to the home improvement site of those materials which have not yet been used for the home improvement or delivered to the site.

(d) Demand a written accounting for all payments that the buyer made to the seller. The written accounting shall detail how all payments were used by the seller.

¶ 12. With respect to the Snyders' first claim, the contract listed the following information: "Badgerland Mobile Home Inc . . . 7160 S. 27th . . . Oak Creek[,] Wi [sic] 53154." The contract was also signed, "Tim St. Peter." The Snyders claim that the contract is in violation of WIS. ADMIN. CODE § ATCP 110.05(2)(a) by failing to list an "address for Timothy St. Peter, either separately or by explicit cross reference to Badgerland's stated address." We disagree.

¶ 13. As noted, interpretation of a regulation is a question of law, which we decide independently of the trial court. *See Moonlight v. Boyce,* 125 Wis. 2d 298, 303, 372 N.W.2d 479 (Ct. App. 1985). WISCONSIN ADMIN. CODE § ATCP 110.05(2)(a) requires the contract to include "[t]he name and address of the seller, including the name and address of the sales representative or agent who solicited or negotiated the contract for the

seller." We conclude that the unambiguous language of § ATCP 110.05(2)(a) requires the listing of separate addresses for *both* the seller *and* the sales representative *only where the address for the seller and the sales representative are different.* However, where the sales representative is an agent of the seller and may be reached through the seller, the requirement to list a separate address for each would be redundant and unnecessary. Moreover, the goal of § ATCP 110.05(2)(a) has been satisfied where the sales representative provides an address to the consumer where he or she can be reached.[2] Because the Snyders have failed to establish that St. Peter could not be reached at Badgerland's address, they have failed to establish a prerequisite to a violation of § ATCP 110.05(2)(a).[3]

██

¶ 14. Next, the Snyders argue that the omission of start and completion dates violated Wɪs. Sᴛᴀᴛ. § 100.20(5) and Wɪs. Aᴅᴍɪɴ. Cᴏᴅᴇ § ATCP 110.05(2)(d). The defendants respond that although the contract omitted "[t]he dates or time period on or within which the work [was] to begin and be completed by the seller"

---

[2] This provision is intended to protect consumers from sales representatives who solicit business on behalf of a company, but who are merely independent contractors unaffiliated with the seller and who cannot be reached or located through the seller, or who solicit business door-to-door without providing a legitimate address. *See* Wɪs. Aᴅᴍɪɴ. Cᴏᴅᴇ § ATCP 110.05(1).

[3] The record is completely devoid of any evidence that Timothy St. Peter could not be located at Badgerland's address. Because the Snyders have failed to develop these facts, we decline to address the issue any further. *See Pension Mgmt., Inc. v. DuRose,* 58 Wis. 2d 122, 128, 205 N.W.2d 553 (1973) (stating that we will not decide issues that are based on undeveloped or hypothetical facts).

as required by § ATCP 110.05(2)(d), this was so because these dates were omitted at the request of and for the benefit of the Snyders. Thus, such an omission did not void the contract. We agree.

¶ 15. "[I]t is 'grave error' to assert that all contracts in violation of a statute are unenforceable." *Baierl v. McTaggart*, 2001 WI 107 ¶ 19, 245 Wis. 2d 632, 629 N.W.2d 277. "The controlling analysis in determining whether a statutory or regulatory violation renders a contract unenforceable is the intent underlying the provision that was violated." *Id.* It is ultimately the intent underlying the regulation that dictates whether the omission of the start and completion dates renders the entire contract unenforceable. *See id.* at ¶ 21.

¶ 16. We first look to the language of WIS. ADMIN. CODE § ATCP 110.05(2)(d) to determine whether the regulatory violation renders the entire contract unenforceable. *See id.* at ¶ 22. Section 110.05(2)(d) of the Wisconsin Administrative Code under the heading of Agriculture, Trade and Consumer Protection requires "a written home improvement contract . . . [to] clearly, accurately and legibly set forth all material terms and conditions of the contract, including . . . [t]he dates or time period on or within which the work is to begin and be completed by the seller." We conclude that this requirement is intended to protect consumers from home improvement contractors who "take the money and run," i.e., execute contracts through face-to-face, telephone or mail solicitation away from the regular place of business of the seller, and then fail to show up to begin construction or fail to complete construction in a timely manner. *See* §§ ATCP 110.05(1)(b) and 110.07(1).

782

¶ 17. However, in such an unfortunate situation, § ATCP 110.05 does not provide a remedy. Rather, the remedy can be found in Wis. Admin. Code § ATCP 110.07(2), which provides that a buyer's remedies include canceling of the contract and demanding the return of all payments.. But these remedies are only triggered if "a buyer pays a seller for any home improvement materials or services before the seller provides those materials or services to the buyer," and either (1) "[t]he seller fails to provide the materials or services by a deadline specified in the home improvement contract," as required by § ATCP 110.07(1)(a), or (2) "[t]he buyer believes that the seller has failed to provide the materials or services in a timely manner, and the home improvement contract specifies no deadline for the seller to provide the materials or services," as required by § ATCP 110.07(1)(c). Here, because the contract failed to specify a deadline, § ATCP 110.07(1)(a) is inapplicable. Thus, the question becomes whether Badgerland failed to provide the materials or services in a reasonably timely manner pursuant to § ATCP 110.07(1)(c).

¶ 18. Here, the Snyders have made no such allegation. Instead, they admit that they wanted to terminate the contract because, after executing the contract, they decided that they didn't want to vacate their mobile home while construction took place. As Mrs. Snyder explained in her deposition:

[Counsel for Badgerland]: So the reason that you didn't want Badgerland to do the work is because you didn't want to go to a motel overnight, right?

[Mrs. Snyder]: Right.

. . . .

[COUNSEL FOR BADGERLAND]: That's why you canceled the contract?

[MRS. SNYDER]: Well, I don't know if I canceled it.

[COUNSEL FOR BADGERLAND]: Is that why you didn't want [Badgerland] to do the work . . . because he wanted you out when the repairs were being done?

[MRS. SNYDER]: Yes.

[COUNSEL FOR BADGERLAND]: Any other reason?

[MRS. SNYDER]: No.

Thus, despite having full knowledge that they would have to vacate their mobile home when the construction was to take place, and despite the fact that the start and completion dates were omitted from the contract for the convenience of the Snyders to allow them flexibility in choosing when to vacate their home, they now wish to benefit from such an omission. This is outside the scope of the protections afforded by Chapter ATCP 110. We cannot allow the Snyders to profit from the omission of a requirement that was eliminated for their benefit.

¶ 19. The language of the enabling statute, WIS. STAT. § 100.20, also provides a remedy for a violation of the prohibitions in WIS. ADMIN. CODE §§ ATCP 110.05 and 110.07. *See Baierl*, 2001 WI 107 at ¶ 23. Section 100.20(1) generally prohibits "[u]nfair methods of competition in business and unfair trade practices in business." However, in order to sue for double damages, costs and attorney's fees pursuant to § 100.20(5), a party must establish a "pecuniary loss because of a

violation by any other person of any order issued under this section." Because the Snyders have failed to allege any pecuniary loss due to the failure to include start and completion dates, they are also barred from recovery under § 100.20(5). Thus, because the Snyders have failed to satisfy the statutory prerequisites to recovery under § 100.20 and §§ ATCP 110.05 and 110.07, the trial court's grant of summary judgment is affirmed.

■■

¶ 20. Finally, the defendants contend that the trial court erred in refusing to award them their attorney's fees pursuant to WIS. STAT. § 802.05. WISCONSIN STAT. § 802.05(1)(a) states, in relevant part:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the attorney's or party's knowledge, information and belief, formed after reasonable inquiry, the pleading, motion or other paper is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law . . . .

> If the court determines that an attorney or party failed to read or make the determinations required under this subsection before signing any petition, motion or other paper, the court may, upon motion, or upon its own initiative, impose an appropriate sanction on the person who signed the pleading, motion or other paper, or on a represented party, or on both. The sanction may include an order to pay the other party the amount of reasonable expenses incurred by that party because of the filing of the pleading, motion or other paper, including reasonable attorney fees.

WISCONSIN STAT. § 814.025 also provides, in relevant part:

**(1)** If an action or special proceeding commenced or continued by a plaintiff . . . is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

. . . .

**(3)** In order to find an action . . . to be frivolous under sub. (1), the court must find one or more of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

**(4)** To the extent s. 802.05 is applicable and differs from this section, s. 802.05 applies.

Thus, the question we must resolve is whether the Snyders "knew, or should have known, that the action . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WISCONSIN STAT. § 814.025(3)(b); *see also Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 244, 517 N.W.2d 658 (1994) ("[A] claim cannot be made reasonably or in good faith . . . if there is no set of facts which could satisfy the elements of the claim, or if the

party or attorney knows or should know that the needed facts do not exist or cannot be developed.").

¶ 21. "The question of whether a reasonable attorney and litigant would or should have concluded that a particular claim is without a reasonable basis in law or equity presents a mixed question of law and fact and not a question of fact alone." *State v. State Farm Fire & Cas. Co.*, 100 Wis. 2d 582, 601, 302 N.W.2d 827 (1981). "When mixed questions of law and fact are presented to this court, there are really two component questions which must be answered. The first question is what, in fact, actually happened; the second question is whether those facts, as a matter of law, have meaning as a particular legal concept." *Wisconsin DOR v. Exxon Corp.*, 90 Wis. 2d 700, 713, 281 N.W.2d 94 (1979).

¶ 22. Based on the lack of case law interpreting WIS. STAT. § 100.20(5) in conjunction with WIS. ADMIN. CODE §§ ATCP 110.05 and 110.07, we cannot conclude that the Snyders should have known that their claims were without any reasonable basis in law. Accordingly, we affirm the trial court's denial of the defendants' motion for attorney's fees.

¶ 23. Based on the foregoing reasons, the trial court is affirmed.

*By the Court.*—Order affirmed.