GRAND VIEW WINDOWS, INC.,
Plaintiff-Respondent-Cross-Appellant,

v.

Christina BRANDT f/k/a Christina Lepianka,
Defendant-Third-Party
Plaintiff-Appellant-Cross-Respondent,

v.

AMERICAN FAMILY INSURANCE COMPANY,
Intervenor-Third-Party
Defendant-Respondent-Cross-Appellant.

IN THE MATTER OF ATTORNEY FEES IN:
GRAND VIEW WINDOWS, INC.,
Appellant-Cross-Respondent,

v.

AMERICAN FAMILY INSURANCE COMPANY,
Respondent-Cross-Respondent,

Christina BRANDT f/k/a Christina Lepianka,
Respondent-Cross-Appellant.

Court of Appeals

Nos. 2012AP8 and 2012AP746.
Submitted on briefs January 4, 2013.—Decided July 30, 2013.

2013 WI App 95

(Also reported in 837 N.W.2d 611.)

759

763

On behalf of Christina Brandt f/k/a Christina Lepianka, defendant-third-party plaintiff-appellant and cross-respondent and respondent and cross-appellant, the cause was submitted on the briefs *Gwendolyn G. Connolly* of *Law Office of Gwendolyn G. Connolly* of Milwaukee.

On behalf of Grand View Windows, Inc., plaintiff-respondent-cross-respondent and appellant-cross-respondent, the cause was submitted on the briefs of *James C. Ratzel* and *Leslie A. Schunk* of *Ratzel & Associates, LLC* of Brookfield.

On behalf of American Family Insurance Company, intervenor-third-party defendant-respondent and cross- appellant and respondent-cross-respondent, the cause

was submitted on the briefs of *Terry J. Booth of Piper & Schmidt* of Milwaukee.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. KESSLER, J. This is a consolidated appeal involving three parties and multiple claims and cross-claims. The issues on appeal all stem from a dispute over a home improvement contract between Christina Brandt f/k/a Christina Lepianka ("Brandt") and Grand View Windows, Inc. ("Grand View"). We affirm in part and reverse in part.

## BACKGROUND

¶ 2. On August 26, 2004, Brandt and Grand View entered into two home improvement contracts—one for the installation of new siding and one for the installation of new windows. The siding contract is the source of this dispute. Work under the siding contract was to begin within "2–4 weeks" of signing. Grand View did not begin the project until October 7, 2004, when Grand View removed the siding from the east and west ends of Brandt's home. However, Grand View did not return to Brandt's home until approximately a week and a half later. During that week, the sides of Brandt's home were left exposed. Grand View completed the siding work on October 30, 2004.

¶ 3. On November 11, 2004, Grand View filed suit against Brandt, alleging that Brandt had refused to make a final payment in the amount of $9100 for the completed siding work. Brandt counterclaimed, alleging that Grand View had breached the contract by not completing the siding work. Brandt also alleged that Grand View violated twelve provisions of WIS. ADMIN. CODE § ATCP 110, the Home Improvement Practices Act.

¶ 4. Grand View's commercial liability insurer, American Family, moved to intervene. The trial court granted the motion. American Family moved for summary judgment against Grand View, arguing that it had no liability for the " 'claims and causes' alleged by" Brandt. The trial court denied the motion. Brandt filed a third-party complaint against American Family based on American Family's commercial liability insurance policy with Grand View.

¶ 5. Eventually, American Family renewed its motion for summary judgment, following the Wisconsin Supreme Court's decision in *Stuart v. Weisflog' s Showroom Gallery, Inc.*, 2008 WI 86, 311 Wis. 2d 492, 753 N.W.2d 448 ("*Stuart II*"). American Family argued that it was not liable for Brandt's ATCP violation claims against Grand View because Grand View's actions were not "occurrences" under the insurance policy. Relying on *Stuart II*, the trial court agreed with American Family and concluded that the American Family policy did not cover the ATCP violations alleged against Grand View.

¶ 6. Ultimately, Grand View's breach of contract claim against Brandt was dismissed.[1] A trial on Brandt's counterclaims took place from June 27, 2011 to June 29, 2011. At the close of evidence, the trial court

[1] Trial was originally scheduled on May 21, 2007, but Grand View filed for bankruptcy that morning and the trial was adjourned. The trial court placed the case on its dismissal calendar for failure to prosecute and the case was dismissed on November 28, 2008. Brandt filed a motion to reopen the case and the matter was eventually reopened on April 30, 2009. Grand View's counsel withdrew shortly thereafter. Grand View contends that "[a]lthough there appears to be no formal order confirming as much, the claims asserted by Grand View were voluntarily dismissed contemporaneously with [counsel's] withdrawal."

766

dismissed all of Brandt's claims except for her claim of breach of contract and her claims under WIS. ADMIN. CODE § ATCP 110.02(11), which prohibits misrepresentations in order to induce contract entry or payment, and § ATCP 110.02(7)(c), which requires home improvement contractors to give customers timely notice if a delay in performance is to occur.

¶ 7. The special verdict form addressed several questions of damages. As to the breach of contract claim, the jury found that Grand View breached the contract, and answered the damages question as follows:

> (2) What sum of money, if any, will fairly compensate Ms. Brandt for any damages that were a natural and probable consequence of Grand Views [sic] breach of the Home Improvement Contract?
>
> Damages sustained prior to October 31, 2004? [Answer:] $1900[.]
>
> Damages sustained after October 31, 2004? [Answer:] $0[.]
>
> TOTAL: $1900[.]

¶ 8. The jury found that Grand View did not violate WIS. ADMIN. CODE § ATCP 110.02(11) (misrepresentations to induce contract or payment), but did find that Grand View failed to provide a timely notice of an impending delay in the contract performance, thereby violating WIS. ADMIN. CODE § ATCP 110.02(7)(c). The jury found that Brandt's damages "due to Grand Views [sic] violations of ATCP Chapter 110" were $250.

¶ 9. Following the trial, the trial court issued an "Order For Judgment," which, as relevant to this appeal, stated the following:

Grand View Windows, Inc. breached its contract with Christina Brandt.

Judgment on the Verdict in the amount of $1,900 for damages sustained by Christina Brandt prior to October 31, 2004 for Grand View Window[s], Inc.'s breach of contract, together with all allowable costs and interest under [Wis. Stat. §] 814.04, shall be awarded to Christina Brandt and against Grand View Windows, Inc. for breach of contract.

No damages were sustained due to Grand View Window[s], Inc.'s breach of contract after October 31, 2004.

. . . .

Judgment on the Verdict in the amount of $180.00 for Christina Brandt and against Grand View Windows, Inc. and American Family Insurance Company in order to reasonably compensate Ms. Brandt for damage to her picnic table and railings, together with all allowable costs and interest under [Wis. Stat. §] 814.04.

Grand View Windows, Inc. did not make false, deceptive or misleading representations in order to delay performance of the contract with Christina Brandt in violation of ATCP 110.02(11).

Grand View Windows, Inc. failed to give Christina Brandt timely notice of an impending delay in its contract performance in violation of ATCP 111.02(7)(c).

An amount of $250, including $1,900, for a total of $2,150, will fairly compensate Christina Brandt for the losses she suffered due to Grand View Windows, Inc.'s violations of ATCP Chapter 110.

Judgment on the verdict in the amount of $4,300 for Christina Brandt and against Grand View Windows Inc., pursuant to § 100.20, Stats., for Grand View Windows, Inc.'s violation of ATCP 110, together with her actual attorneys fees and litigation costs, to be determined by the Court.

> That pursuant to § 100.20, Stats., Christina Brandt is a prevailing party.
>
> That the Court shall determine separately the actual attorneys fees and litigation costs to be awarded to Christina Brandt as the prevailing party[.]

(Some formatting altered.)

¶ 10. The trial court addressed multiple motions after the verdict challenging many aspects of the trial court's order for judgment. We discuss only those relevant to this appeal. Grand View argued that there was insufficient evidence for the jury's $250 pecuniary loss award to Brandt for Grand View's WIS. ADMIN. CODE § ATCP 110 violation. American Family argued that it was entitled to statutory costs against Brandt pursuant to WIS. STAT. §§ 814.02(2), 814.035(2) and 814.036 (2011–12),[2] on the grounds that it was a "successful party" in the litigation. Brandt filed a motion for attorney's fees in the amount of $227,603.71, based on the $250 pecuniary loss award for Grand View's ATCP violation.

---

[2] WISCONSIN STAT. § 814.02(2) provides:

In equitable actions and special proceedings costs may be allowed or not to any party, in whole or in part, in the discretion of the court, and in any such case the court may award to the successful party such costs (exclusive of disbursements) not exceeding $100, as the court deems reasonable and just, in view of the nature of the case and the work involved. This subsection refers only to such costs and fees as may be taxed by the authority of the statutes, independent of any contract of the parties upon the subject, which contract shall apply unless the court finds that the provisions thereof are inequitable or unjust.

WISCONSIN STAT. § 814.035(2) provides:

When the causes of action stated in the complaint and counterclaim and cross complaint arose out of the same transaction or occurrence, costs in favor of the successful party upon the complaint and counterclaim and cross complaint so arising shall be in the discretion of the court.

¶ 11. The trial court issued a written order on the motions after the verdict and a separate written order on attorney's fees. In its order on the motions after the verdict, the trial court found:

- Although there was no direct evidence connecting Grand View's failure to give notice of a delay to the damages found by the jury, there is a reasonable inference that Brandt could have taken steps to prepare her property had she been given a timely notice of an impending delay. Therefore, there was sufficient evidence for the jury's finding of a $250 pecuniary loss suffered by Brandt for Grand View's WIS. ADMIN. CODE § ATCP 110 violation.

- American Family was not a "successful party" pursuant to WIS. STAT. § 814.035 because the jury found American Family liable under its contract with Grand View for damages to a picnic table and porch railings.

- American Family was not a "successful party" pursuant to WIS. STAT. § 814.02(2) because American Family's declaratory action was against Grand View, not Brandt.

- American Family was not entitled to costs against Brandt pursuant to WIS. STAT. § 814.036, the omnibus statute.

- American Family is only liable for damages to a picnic table and porch railings, and is therefore not liable for any other claims or damages found against Grand View because Brandt's breach of contract claims did not arise under an "occurrence" as defined by the insurance policy between American Family and Grand View.

WISCONSIN STAT. § 814.036 provides: "If a situation arises in which the allowance of costs is not covered by ss. 814.01 to 814.035, the allowance shall be in the discretion of the court."

All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

770

- The $250 pecuniary loss award to Brandt would be doubled. Grand View would be responsible for the pecuniary loss, costs and reasonable attorney's fees.

American Family would not be responsible for attorney's fees.

¶ 12. In its order on attorney's fees, the trial court stated:

> The ATCP claim, in which Ms. Brandt prevailed, is unrelated to the property damage or breach of contract claims. There is no causal connection between the failure of Grand View to give timely notice of a delay and the other claims against the Grand View Windows or American Family Ins. The failure to give notice and the property damage, which happened well after the contract was executed, did not in any way induce Ms. Brandt to enter into her contract with Grand View. They are factually unrelated and therefore are not subject to an award of attorney fees and costs pursuant to Sec. 100.20(5).

¶ 13. Noting that the case took seven years to prosecute, considering the hourly rates requested by the attorneys involved, and the amount of hours spent by Brandt's attorneys, the trial court concluded that the case "was overvalued from the beginning." The trial court granted attorney's fees to Brandt in the amount of $84,300.

¶ 14. All of the parties now appeal some portion of the trial court's orders. Brandt appeals:

- The order doubling her pecuniary loss of $250 to $500 and not doubling the breach of contract damages of $1900.

- The order holding that American Family is not liable for any damages beyond the picnic table and porch railings.

771

- The trial court's summary judgment order that Grand View's WIS. ADMIN. CODE § ATCP 110 violations are not covered by its policy with American Family.

- The order on attorney's fees, as an erroneous exercise of discretion, in reducing both her counsels' hourly rates and the hours worked.

¶ 15. Grand View appeals:

- The order denying its motion to change the verdict on pecuniary damages from $250 to $0.

- The entire order on attorney's fees.[3]

¶ 16. American Family appeals from the order stating that because American Family was not a "successful party" under WIS. STAT. §§ 814.035, 814.02(2) and 814.036, it was not entitled to statutory costs from Brandt.

¶ 17. We first address, in "Part I," the multiple claims between Brandt and Grand View. We address in "Part II" the claims between Brandt and American Family. Finally, we address in "Part III" the claims on attorney's fees. Additional facts are included as relevant to the discussion.

## DISCUSSION

### PART I

*A. Evidence to support the jury's pecuniary damages award.*

¶ 18. At the center of the appeal between Grand View and Brandt is the question of whether there was

---

[3] Grand View appeals numerous aspects of the order which we interpret as an appeal from the entire order.

sufficient evidence for the jury to have found that Brandt suffered a pecuniary loss in the amount of $250. Only if there was sufficient evidence to support the pecuniary loss is the doubling of any of Brandt's damages implicated.

¶ 19. Brandt argues that the trial court erroneously failed to grant her the full measure of the jury's award of damages. Specifically, she contends that the jury's total award of $2150 should have been doubled pursuant to WIS. STAT. § 100.20(5) and the language of the special verdict questions. Because the jury found a pecuniary loss as a result of Grand View's ATCP violation, she contends she is entitled to double damages on the entire award under § 100.20(5), which provides:

> Any person suffering pecuniary loss because of a violation by any other person of any order issued under this [methods of competition and trade practices] section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee.

¶ 20. Grand View argues that there is insufficient evidence supporting the jury's $250 pecuniary loss award, that the language of the special verdict questions specifically separated the damages between Brandt's breach of contract claim and her ATCP claim, and that case law does not support doubling Brandt's contract damages.

■■■■

¶ 21. "[T]he test . . . for determining whether a representation caused pecuniary loss is '[w]hether plaintiff would have acted in its absence.'" *K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 2006 WI App 148, ¶ 41, 295 Wis. 2d 298, 720 N.W.2d 507, *aff'd*

2007 WI 70, 301 Wis. 2d 109, 732 N.W.2d 792 (citation omitted; second set of brackets in *K & S Tool and Die Corp.*). "[D]amages should be proven by statements of facts rather than by mere conclusions of the witnesses, and a claimant's mere statement or assumption that he has been damaged to a certain extent without stating any facts on which the estimate is made is too uncertain." *Plywood Oshkosh, Inc. v. Van's Realty & Constr. of Appleton, Inc.*, 80 Wis. 2d 26, 31–32, 257 N.W.2d 847 (1977). "[T]he evidence must demonstrate that the injured party has sustained some injury and must establish sufficient data from which the trial court or jury could properly estimate the amount." *Id.* at 31. Although a party need not prove damages to a mathematical certainty, a party asserting a pecuniary loss for the purposes of Wis. Stat. § 100.20(5) must show that there is a causal connection between a prohibited trade practice under Wis. Admin. Code § ATCP Chapter 110 and the damage incurred. *See Tim Torres Enter., Inc. v. Linscott*, 142 Wis. 2d 56, 70–71, 416 N.W.2d 670 (Ct. App. 1987) (where party asserted pecuniary loss pursuant to Wis. Stat. § 100.18, we held that there must be "causal connection between the practices found illegal and the pecuniary losses suffered").

■■■■

¶ 22. "Our review of a jury's verdict is narrow. Appellate courts in Wisconsin will sustain a jury verdict if there is any credible evidence to support it." *Morden v. Continental AG*, 2000 WI 51, ¶ 38, 235 Wis. 2d 325, 611 N.W.2d 659. Credible evidence is that evidence which excludes speculation or conjecture. *See Bumpas v. DILHR*, 95 Wis. 2d 334, 343, 290 N.W.2d 504 (1980). We cannot uphold a judgment based on " 'conjecture, unproved assumptions, or mere possibilities.' " *See Merco*

*Distrib. Corp. v. Commercial Police Alarm Co.*, 84 Wis. 2d 455, 461, 267 N.W.2d 652 (1978) (citation omitted).

¶ 23. "In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the jury's verdict, and we sustain the jury's verdict if there is any credible evidence to support it." *K & S Tool & Die Corp.*, 295 Wis. 2d 298, ¶ 46.

¶ 24. The Wisconsin Department of Agriculture, Trade and Consumer Protection, pursuant to its authority under WIS. STAT. § 100.20(2), has adopted regulations governing home improvement trade practices. WIS. ADMIN. CODE § ATCP 110. WISCONSIN ADMIN. CODE § ATCP 110.05 imposes certain requirements on home improvement contracts between owners of residential property and entities engaged in the business of making or selling home improvements. *See* WIS. ADMIN. CODE § ATCP 110.01(1)(a), (4) and (5). "Home improvements" include additions to residential property. WIS. ADMIN. CODE § ATCP 110.01(2). WISCONSIN STAT. § 100.20(5) allows for recovery of pecuniary losses caused by an administrative code violation. *Id.*

¶ 25. As stated, the jury awarded Brandt $250 for losses suffered due to Grand View's violation of WIS. ADMIN. CODE § ATCP 110.02(7)(c), which provides:

No seller shall engage in the following unfair methods of competition or unfair trade practices:

. . . .

(7) PERFORMANCE.

. . . .

(c) Fail to give the buyer timely notice of any impending delay in contract performance, if performance will be delayed beyond a deadline specified in the contract. The notice shall specify the reasons for the delay, and shall

specify new proposed deadlines by which the seller will begin and complete the work. If a written home improvement contract is required under s. ATCP 110.05 (1) or the buyer signs a written contract, no change in performance deadlines is effective unless the buyer agrees in writing to the change.

¶ 26. It is undisputed that Grand View failed to give Brandt notice that there would be a delay in beginning or completing her siding work. At trial, Brandt testified that she and Grand View entered into a siding installation contract on August 26, 2004. The contract stated an estimated start date beginning "2–4 weeks" from the date of the contract's signing. On October 7, 2004, Grand View employees tore off approximately three-fourths of the siding and completed the removal the following day. Brandt testified that after the siding was completely removed, Grand View did not return to her home for approximately a week and a half, despite multiple efforts on Brandt's part to contact Grand View. During this time, the sides of Brandt's home were left exposed, as Grand View did not place protective covers on the home, subjecting it to potential weather-related damages.

¶ 27. Brandt testified in great detail as to the damage done to her home as a result of Grand View's workmanship. Brandt testified that Grand View's siding installation was faulty, resulting in the siding falling off shortly after completion. Brandt testified about problems with her gutters, exposed wires, water damage, unprofessional conduct, and damage to her picnic table and porch railings. Brandt told the jury that she attempted to cover the exposed outer portions of her house—from the inside of her home—with plastic coverings. She also told the jury that damages caused to her picnic table and porch railings totaled approximately $180.

¶ 28. Mark Gleason, an electrician, testified as an expert witness for Brandt. Gleason testified that he evaluated Brandt's home in October 2005, approximately a year after the siding removal and installation. Gleason stated, in essence, that Grand View's siding work was faulty and that the siding needed to be completely removed to repair the damage caused by Grand View. Gleason estimated the cost of completely re-removing the siding and reinstallation to be $10,880.

¶ 29. John Wantz, a home inspector, also testified as an expert for Brandt. Wantz stated that he inspected Brandt's home in June 2005. Wantz stated that much of Brandt's original insulation and siding was improperly removed and improperly replaced. He also testified as to water and structural damage caused to the home. Wantz estimated that the total cost of repairs Brandt would incur as a result of Grand View's fault workmanship as $14,350. Wantz stated Brandt incurred approximately $2750 in damages stemming from the exposure of her unprotected home in October 2004.

¶ 30. Although Grand View does not dispute Brandt's testimony, or the opinions provided by her expert witnesses, Grand View contends that none of the testimony, or any other evidence in the record, supports the jury's determination that Brandt suffered a $250 pecuniary loss as a result of Grand View's *failure to give notice of an impending delay.*

¶ 31. The testimony provided by Brandt and her experts centered in large part on Grand View's poor workmanship, unprofessional behavior, contract performance breaches, and the resulting damages caused to Brandt's home. This testimony amply supports damages resulting from Grand View's breach of contract. However, we have searched the record in vain to find any evidence that connects a specific item of damage to

the Wis. Admin. Code § ATCP 110 violation the jury found. The trial court recognized a lack of a causal connection between the ATCP violation and the damages incurred by Brandt when the court explained:

> The ATCP claim, on which Ms. Brandt prevailed, is unrelated to the property damage or breach of contract claims. There is no causal connection between the failure of Grand View to give timely notice of a delay and the other claims against Grand View Windows or American Family Ins.

¶ 32. Neither Brandt, nor her witnesses, testified as to what she could have done had Grand View informed her that there would be a delay in beginning or completing the siding work. Gleason's testimony detailed the repairs Brandt would need on her home as a result of Grand View's poor work, but did not connect any part of those repairs to Grand View's failure to notify Brandt of an impending delay. Wantz's testimony provided no evidence of damages Brandt sustained because of the delays. Although Wantz estimated damages of $2750 from the siding that was left uncovered from October 7 and October 31, 2004, he told the jury nothing about the consequences of Grand View's *failure to notify* Brandt that there would be a delay in the siding installation. The record simply does not support a finding that *not telling* Brandt about the delay caused damages in the amount of $250 or any other sum.

¶ 33. We have searched the record in vain for any evidence which supports the jury's specific damages award of $250. Neither that amount, nor any amount remotely close, appear in the record in the context of the Wis. Admin. Code § ATCP 110 violation. Finding no evidence in the record before us, we can only regretfully conclude that the jury's $250 award is the result of speculation. Accordingly, we must reverse the order

confirming the jury award of $250 in damages to Brandt based on the failure to give notice of a delay.

*B. Doubling damages under Wis. Stat. § 100.20(5).*

¶ 34. Brandt argues that the trial court erred in failing to double all of the damages awarded by the jury. Brandt contends that Wis. Stat. § 100.20(5) requires the damages awarded for Grand View's breach of contract ($1900) and her pecuniary loss ($250) be combined and the total doubled for a damages award of $4300. Wisconsin Stat. § 100.20(5) provides:

> Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee.

¶ 35. The statute is clear that the only damages to be doubled are those resulting from a "pecuniary loss because of a violation . . . of any order issued under [Wis. Admin. Code § ATCP 110]." The jury awarded damages for Grand View's breach of contract separately from damages stemming from Grand View's § ATCP 110 violation. Pecuniary damages stemming from Grand View's failure to give notice of a delay are not supported by any evidence. Because the record does not support damages for a pecuniary loss, there are no damages to double pursuant to Wis. Stat. § 100.20(5).

## PART II

*A. Coverage by American Family.*

¶ 36. Brandt contends that the trial court erred in granting summary judgment to American Family find-

ing that the ATCP violation was not an "occurrence" under the commercial liability policy. This issue primarily involves interpretation of an insurance policy, which is generally subject to *de novo* review. *Welin v. American Family Mut. Ins. Co.*, 2006 WI 81, ¶ 16, 292 Wis. 2d 73, 717 N.W.2d 690. " 'An insurance policy is not interpreted in a vacuum or based on hypotheticals. It is tested against the factual allegations at issue.' " *Estate of Sustache v. American Family Mut. Ins. Co.*, 2008 WI 87, ¶ 19, 311 Wis. 2d 548, 751 N.W.2d 845 (citation omitted). Because this issue comes before us on review of a summary judgment motion, we are presented with a question of law, which we review *de novo. See Nischke v. Aetna Health Plans*, 2008 WI App 190, ¶ 4, 314 Wis. 2d 774, 763 N.W.2d 554.

¶ 37. The policy issued by American Family to Grand View sets out the following coverage agreement:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY**

**DAMAGES LIABILITY**

1. Insuring Agreement

a. We will pay those sums that the insured become legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" which take place in the coverage territory;

. . . .

**SECTION V – DEFINITIONS**

. . . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful condition.

¶ 38. Brandt argues that Grand View's failure to give notice of its impending contract performance delay was an "occurrence" within the meaning of the American Family policy because the failure was more negligent and accidental than volitional.

¶ 39. The Wisconsin Supreme Court has defined " 'accident' " as " '[a]n unexpected, undesirable event' or 'an unforeseen incident' which is characterized by a 'lack of intention.' " *Smith v. Katz*, 226 Wis. 2d 798, 820–21, 595 N.W.2d 345 (1999) (citation omitted; brackets in *Katz*). More recently, the Wisconsin Supreme Court explained volitional acts in the context of commercial liability insurance and misrepresentations in *Stuart II. Id.*, 311 Wis. 2d 492. In *Stuart II*, the insured building contractor performed substantial work on a home; however, the homeowner later discovered numerous significant defects in the work. *Id*, ¶¶ 6–7. The homeowner alleged the contractor violated the deceptive practices regulation under Wis. Admin. Code § ATCP 110.02 by making "false, deceptive or misleading representation[s] in order to induce any person to enter into a home improvement contract." *Stuart II*, 311 Wis. 2d 492, ¶ 7 n.7. The contractor sought coverage under his commercial liability policy. *Id.*, ¶ 7. After determining that the policy defined "occurrence" as "accident," the court went on to define accident as "an event or condition occurring by chance or one that arises from unknown causes, and is unforeseen and unintended." *Id*, ¶ 24. Relying on its holding in *Everson v. Lorenz*, 2005 WI 51, 280 Wis. 2d 1, 695 N.W.2d 298,

the court concluded that while a *result* may be unexpected, it is the causal event which must be accidental for an event to be an "occurrence." *Stuart II*, 311 Wis. 2d 492, ¶¶ 38–40. The court held that the defendants' intent to induce the homeowners to enter the contract at the time of the misrepresentations made the act volitional rather than accidental and coverage was not available. *Id.*, ¶¶ 32, 45.

■

¶ 40. Applying *Stuart II* to this case, Grand View had a duty, under WIS. ADMIN. CODE § ATCP 110, to disclose the impending delay. Where there is a duty to disclose, the failure to do so becomes a misrepresentation. *See Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶ 49, 284 Wis. 2d 307, 700 N.W.2d 180. (" '[A] failure to disclose a fact[] is not misrepresentation unless the nondisclosing party has a duty to disclose that fact.' ") (citation omitted). A similar false disclosure, albeit occasioned by a typographical error, in *Everson*, 280 Wis. 2d 1, ¶ 16, was a misrepresentation that could not be considered an accidental or negligent event. Here, WIS. ADMIN. CODE § ATCP 110.02(7)(c) imposed an affirmative duty of disclosure on Grand View. The jury found Grand View failed to make the required disclosure. By failing to disclose there would be a delay, as required by § ATCP 110.02(7)(c), the effect was a representation that there would be no delays. Thus, under existing Wisconsin law, that is a volitional act, which is not an occurrence under this commercial liability policy.

*B. American Family's request for costs.*

■

¶ 41. American Family argues that the trial court was wrong when it concluded that American Family was not a "successful party" and was therefore not entitled to statutory costs against Brandt.

¶ 42. WISCONSIN STAT. § 814.02(2) deals with costs in equitable actions and special proceedings. It provides:

> In *equitable actions and special proceedings* costs may be allowed or not to any party, in whole or in part, *in the discretion of the court,* and in any such case the court *may award to the successful party such costs (exclusive of disbursements) not exceeding $100, as the court deems reasonable and just,* in view of the nature of the case and the work involved. This subsection refers only to such costs and fees as may be taxed by the authority of the statutes, independent of any contract of the parties upon the subject, which contract shall apply unless the court finds that the provisions thereof are inequitable or unjust.

(Emphasis added.) American Family successfully moved to intervene in the litigation by Grand View against Brandt. A motion to intervene is a form of special proceeding. *See Wellens v. Kahl Ins. Agency, Inc.,* 145 Wis. 2d 66, 69, 426 N.W.2d 41 (Ct. App. 1988) (a nonparty's motion to intervene is an example of a special proceeding).[4] Under § 814.02(2) the trial court has discretion to allow, or not to allow, costs to any party. In addition, § 814.02(2) allows, but does not require, the trial court to award the "successful party" costs not in excess of $100. We assume, without deciding, that American Family was the "successful party";

---

[4] Although we have been unable to locate American Family's motion to intervene in the record, we understand a letter from American Family to Grandview describing its "reservation of rights," that was submitted to the trial court, to be American Family's motion to intervene on the insurance coverage issue. The trial court subsequently granted American Family's request to intervene "for purposes of litigating an insurance coverage defense."

even so, the award of costs, if any, under § 814.02(2) remains a matter of trial court discretion.

■

¶ 43. American Family also claims a right to costs against Brandt based on WIS. STAT. § 814.035(2), which provides:

> When the causes of action stated in the complaint and counterclaim and cross complaint arose out of the same transaction or occurrence, costs in favor of the successful party upon the complaint and counterclaim and cross complaint so arising *shall be in the discretion of the court.*

(Emphasis added.) Again, American Family ignores the role of the trial court's discretion in any award of costs. The statute is specific: "costs in favor of the successful party . . . shall be in the discretion of the court." The statute does not say costs *shall be awarded* in favor of the successful party. *See id.* Thus, whether to award costs to the successful party, and the amount to be awarded, are both matters left to the trial court's discretion. Again assuming, without deciding, that American Family was "the successful party,"[5] American Family has not demonstrated that the trial court erroneously exercised its discretion when it declined to award costs to American Family against Brandt.

¶ 44. American Family's primary litigation interests concerned its insurance contract with Grand View. The jury award was remarkably small for a case that

---

[5] American Family conceded liability for damage done to the picnic table and porch railings long before the jury determined the value of those damages was $180. Because American Family conceded liability as to the picnic table and railing damage, and because the jury found damages arising from that liability, it can hardly be described as "successful" in that claim.

784

took seven years to develop and try. The trial court commented that the case had been overvalued perhaps from the beginning. The trial court had the opportunity to observe this litigation for a very long time. The trial court was familiar with the litigation tone and tenor, the parties and the motions, and the very modest value the jury placed on the damages it found after two days of trial. We conclude that American Family has not established that the trial court erroneously exercised its discretion under either WIS. STAT. § 814.02(2) or WIS. STAT. § 814.035(2) when it declined to award American Family costs against Brandt.

## PART III

¶ 45. Lastly, we turn to the attorney's fees. Both Grand View and Brandt appeal the trial court's order. Brandt argues that the trial court erroneously exercised its discretion in reducing her counsels' hourly rate and hours worked substantially below what she (Brandt) originally sought. Grand View argues that Brandt's attorney's fees award is excessive, unsupported by the record, and against public policy.

¶ 46. Brandt's motion for attorney's fees was premised on WIS. STAT. § 100.20(5), which allows for the recovery of attorney fees by someone who sustained a pecuniary loss caused by an administrative code violation. The statute provides:

> Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee.

785

A pecuniary loss is a condition precedent to recovery of costs and attorney's fees. *See Snyder v. Badgerland Mobile Homes, Inc.*, 2003 WI App 49, ¶ 19, 260 Wis. 2d 770, 659 N.W.2d 887 (pecuniary loss must result from the violation in order to sue for recovery under § 100.20(5)). Because there was no evidence supporting the jury's pecuniary damages award here, *see* Part I, *supra,* the statutory condition precedent (a pecuniary loss caused by an ATCP violation) was not met. Without a pecuniary loss, we have no choice but to vacate the trial court's order awarding Brandt attorney's fees.

## CONCLUSION

¶ 47. We reverse the order confirming pecuniary damages in the amount of $250 because there is no evidence establishing a causal connection between the lack of notice of delay required by WIS. ADMIN. CODE § ATCP and any damages. We reverse the order for attorney's fees under WIS. STAT. § 100.20(5) which are only available when there is a pecuniary loss caused by a WIS. ADMIN. CODE § ATCP violation. We affirm the trial court's exercise of discretion in denying costs from Brandt to American Family.

*By the Court.*—Orders affirmed in part, reversed in part.