Gene LESSOR, Plaintiff-Respondent,

v.

Edward WANGELIN, Jr., Defendant-Third-Party Plaintiff-Appellant,

v.

Kenneth RITCHIE, Third-Party Defendant.

Court of Appeals

No. 97–2974. *Submitted on briefs May 11, 1998.—Decided August 6, 1998.*

(Also reported in 586 N.W.2d 1.)

On behalf of the defendant and third-party plaintiff-appellant, the cause was submitted on the briefs of *Earl J. Luaders* of New London.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas A. Maroney* of *Johnson, Hansen, Shambeau, Maroney and Anderson, S.C.* of Waupaca.

Before Dykman, P.J., Deininger and Bartell,[1] JJ.

DYKMAN, P.J. Edward Wangelin, Jr., appeals from a judgment in favor of Gene Lessor in the amount of $14,140.31 for faulty workmanship in the construction of Lessor's duplex. While Wangelin concedes that the building had defects, he alleges that the trial court's findings with regard to damages were contrary to the great weight and clear preponderance of the evidence. We conclude that the trial court, as the trier of fact, adequately considered the testimony of the expert witnesses. We therefore affirm.

Lessor asserts that this appeal is frivolous under RULE 809.25(3), STATS., and she requests attorney's fees and costs. We agree and remand for the trial court to determine and assess the reasonable costs and fees for this appeal.

### BACKGROUND

On or about September 13, 1993, Gene Lessor contracted with Edward Wangelin, Jr., for the construction of a duplex. After the duplex was completed, Lessor concluded that Wangelin's poor workmanship resulted in several defects. She filed an action for breach of contract and negligence.

---

[1] Circuit Judge Angela B. Bartell is sitting by special assignment pursuant to the Judicial Exchange Program.

At trial, Wangelin did not contest that construction defects existed. Rather, the dispute was over the extent of the defects and the cost to remedy them. In determining damages, the trial court heard evidence from several expert witnesses. Wangelin offered the testimony of Paul Hanlon, a building inspector for the City of New London. Lessor offered the testimony of John Anderson, a building inspector for the State of Wisconsin, Daniel Lorge, a painter, and Donald Madson, a carpenter.

Anderson testified that he inspected Lessor's duplex after Lessor registered a complaint with the state. During this inspection, Anderson found several violations of the state's uniform dwelling code in the design and construction of the duplex, which he listed in a written report. Anderson testified that there were numerous defects in the floors, electrical wiring, stairs and drywall. He further testified that a vapor barrier was not applied to all the walls and ceilings. A vapor barrier is applied to the inside of exterior walls to prevent water vapor from passing through the wall and damaging the walls and insulation. Anderson stated that, in his opinion, only about half of the exterior walls had been covered with a vapor barrier.

Anderson agreed that it probably would take an experienced two-man crew approximately five days to repair the defects, with the exception of the painting. However, he later conceded that he was merely speculating when he made this statement. While Anderson professed his knowledge of the state's uniform dwelling code, he said that he was uncomfortable estimating the cost of repairing the defective construction. He said that while he might be able to testify as to the cost of materials during the time he was a contractor, he was not "up to snuff" on current costs.

Paul Hanlon, a building inspector for the City of New London, also testified. Hanlon inspected Lessor's duplex on four separate occasions. At trial, he opined that it would take two men approximately five days, working eight hours a day, to make the necessary repairs, which included painting the remaining walls and ceilings with a vapor barrier and repairing the floors and stairs.

On cross-examination, however, Hanlon admitted to the following: (1) he had two years' experience as a building inspector when he inspected Lessor's duplex; (2) he had almost no experience in constructing or remodeling homes; (3) he had never prepared an estimate for the construction or remodeling of a home; and (4) he had no knowledge as to the cost of building materials. Hanlon also admitted that, although he inspected the duplex on four separate occasions, he overlooked all of the defects John Anderson uncovered during his inspection. Furthermore, when asked if and when an inspector is required to check for vapor barrier, Hanlon testified that such an inspection is discretionary under the state dwelling code. The code, however, provides that the inspection is mandatory, and it must be conducted after the vapor barrier is applied but before it is concealed.

Next, Donald Madson and Daniel Lorge testified. Donald Madson, a carpenter for twenty-seven years, testified that he examined the duplex and estimated that it would cost $9,140.31 to repair the various defects in construction. Madson also stated that if he had to rank on a scale from zero to ten the quality of the carpentry work done on the house, he would give it a zero. Lorge, a painter for twenty-five years, testified as to the cost of repainting the duplex with vapor barrier paint. He estimated that repainting the walls and ceil-

ing would cost $4,000 and that it would take approximately one week to paint each side. This estimate took into account the fact that certain items would need to be covered or moved. He also stated that due to the fumes from the paint, residents of the duplex would have to vacate the premises.

The trial court, without a jury, concluded that Wangelin was liable for the defects in construction. In determining damages, it adopted the estimates provided by Madson and Lorge as to the cost of repairing the defects, and awarded a judgment of $14,140.31.[2] The court decided to completely disregard the testimony of Paul Hanlon, which it found incredible. Specifically, the court said that it was "very difficult for it to give any credit" to Hanlon when, after inspecting the duplex on four separate occasions, he was unable to uncover "very apparent" structural defects. It also said that it could not believe the testimony of a building inspector who misconstrued unambiguous language in the state dwelling code.

## DISCUSSION

1. *Trial Court's Findings of Fact*

■

Wangelin argues that the trial court's findings of fact regarding the damage award were "contrary to the great weight and clear preponderance of the evidence." And while we have since replaced this standard of review, the analysis remains essentially the same. *See*

---

[2] The $14,140.31 judgment was based on the $9,140.31 estimate as to the cost of making the various structural repairs, the $4,000 estimate for repainting the ceilings and walls, and an additional $1,000 for incidental damages.

*Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983). The current standard is that a trial court's findings of fact shall not be set aside unless clearly erroneous. Section 805.17(2), STATS. When the trial court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and of the weight to be given to each witness's testimony. *Plesko v. Figgie Int'l*, 190 Wis. 2d 764, 775, 528 N.W.2d 446, 450 (Ct. App. 1994). The trier of fact is in a far better position than an appellate court to make this determination, because it has the opportunity to observe the witnesses and their demeanor on the witness stand. *Pindel v. Czerniejewski*, 185 Wis. 2d 892, 898–99, 519 N.W.2d 702, 705 (Ct. App. 1994).

Wangelin asserts that the trial court ignored the expert testimony of Hanlon in its decision as to the amount of damages. That is true, but the court discounted Hanlon's testimony for specific reasons. First, after four inspections of the property, Hanlon failed to discover several structural defects. In contrast, Anderson and Madson both discovered these defects after each made one inspection of the property. Second, Hanlon testified that it is within the discretion of a building inspector to inspect a property after a vapor barrier has been applied; however, the code states that such an inspection is mandatory.

■

Wangelin also argues that the trial court ignored Anderson's testimony. There is no evidence that the trial court did so. Although Anderson may have been an expert on the state's dwelling code, he admitted that he was not "up to snuff" on the current cost of building materials, and could only speculate as to the amount of labor and materials it would take to make the necessary repairs. When a trial court makes findings of fact

as to the credibility of witnesses, we will not upset those findings unless they are clearly erroneous. *State v. Terrance J.W.*, 202 Wis. 2d 496, 501, 550 N.W.2d 445, 447 (Ct. App. 1996).[3] The trial court was justified in not accepting Anderson's speculations as to the cost of repairing the duplex.

### 2. *Frivolous Appeal*

Lessor alleges that Wangelin's appeal is frivolous under RULE 809.25(3), STATS. The pertinent portions of this rule are as follows:

> (a)   If an appeal or cross-appeal is found to be frivolous by the court, the court shall award to the successful party costs, fees and reasonable attorney fees under this section. . . .
>
> . . . .
> (c)   In order to find an appeal or cross-appeal to be frivolous under par. (a), the court must find one or more of the following:
>
> . . . .
> 2.   The party or party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing good law.

*See* RULE 809.25(3), STATS. We decide as a matter of law whether an appeal is frivolous. *NBZ, Inc. v. Pilarski*, 185 Wis. 2d 827, 841, 520 N.W.2d 93, 98 (Ct. App. 1994).

---

[3] An exception to this rule exists where a witness's testimony is in conflict with irrefutable physical evidence. *Pappas v. Jack O.A. Nelson Agency, Inc.*, 81 Wis. 2d 363, 369, 260 N.W.2d 721, 724 (1978). Wangelin does not assert that any testimony was contrary to irrefutable physical evidence.

Lessor asserts that Wangelin's appeal is frivolous because he or his attorney knew, or should have known, that it was without any basis in law or equity, and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. Lessor contends that Wangelin is asking this court to redraw inferences drawn by the trial court, and to reach different conclusions as to witness credibility.

The standard to be applied on this issue is whether a reasonable person in the position of this litigant or his attorney knew, or what they should have known, about the facts and the law relating to the arguments presented. *Sommer v. Carr*, 99 Wis. 2d 789, 797, 799, 299 N.W.2d 856, 860 (1981).

Both statutory and case law require us to defer to the trial court's findings of fact. Section 805.17(2), STATS., provides: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness." In *Johnson v. Merta*, 95 Wis. 2d 141, 289 N.W.2d 813 (1980), the court said:

> As this court has frequently stated, it is not our function to review questions as to weight of testimony and credibility of witnesses. These are matters to be determined by the trier of fact and their determination will not be disturbed where more than one reasonable inference can be drawn from credible evidence. Such deference to the trial court's determination of the credibility of witnesses is justified, the court has said because of ". . . the superior opportunity of the trial court to observe the demeanor of witnesses and to gauge the persuasive-

ness of their testimony." Thus, the trial judge, when acting as the factfinder, is considered the "ultimate arbiter of the credibility of a witness," and his finding in that respect will not be questioned unless based upon caprice, an abuse of discretion, or an error of law.

*Id.* at 151–52, 289 N.W.2d at 818 (citations omitted). We have reaffirmed this rule many times. *See Plesko*, 190 Wis. 2d at 775–76, 528 N.W.2d at 450 (Ct. App. 1994); *Pindel*, 185 Wis. 2d at 898–99, 519 N.W.2d at 704–05 (Ct. App. 1994); *DeThorne v. Gibson*, 163 Wis. 2d 387, 391, 471 N.W.2d 780, 782 (Ct. App. 1991); *Racine Educ. Ass'n v. Racine Bd. of Educ.*, 145 Wis. 2d 518, 521, 427 N.W.2d 414, 415 (Ct. App. 1988).

Wangelin acknowledges in his brief that:

The testimony before the trial court . . . consisted of two building inspectors [hired by Wangelin] who had no stake in the outcome of the case [and] a painter who was hired by [Lessor] and a contractor who was hired by [Lessor], both of whom stood to make significant amounts of profit from the work they proposed to do for [Lessor].

Notwithstanding the trial court's explanation of its credibility determinations, Wangelin argues on appeal:

On the one hand, the two experts indicate that it would take approximately two men one week to complete the remedial work. The contractors for [Lessor] estimate that it would take two men approximately three weeks. These conclusions are so diametrically opposed that they should have raised a red flag with the trial court so as to lead the trial court to the conclusion that the estimates of [Lessor's] experts were so self-serving as to be unworthy of any credibility in terms of the cost of the work to be done.

This argument asks this court to reweigh the testimony of witnesses and to reach a conclusion regarding credibility contrary to that reached by the trial judge. Wangelin does not contest the trial judge's rationale. He only argues for a redetermination of witness credibility. Under the facts of this case, we conclude that this appeal is frivolous. *See* RULE 809.25(3), STATS. Wangelin or his attorney should have known that an appeal to reverse the trial court's credibility determinations could not be successful under the long-standing law of this state.

## CONCLUSION

We affirm the judgment of the trial court. We also conclude that Wangelin's appeal is frivolous under RULE 809.25(3), STATS. We therefore grant Lessor's request for costs and reasonable attorney's fees incurred in responding to this appeal. We remand to the trial court to determine those amounts and their proper allocation between Wangelin and Luaders, his attorney. Because we find these remedies sufficient to make Lessor whole, we deny her request to impose double costs against Wangelin for failing to conform to briefing requirements.

*By the Court.*—Judgment affirmed and cause remanded with directions.