Jeffrey A. Smith, Plaintiff-Respondent,
v.
Menard, Inc., Defendant-Appellant.
No. 04-0255.
Court of Appeals of Wisconsin.
Opinion Filed: August 17, 2004.
¶1. PETERSON, J.[1]
Menard, Inc., appeals a judgment of $924.95 entered against it as a result of a dispute with Jeffrey Smith over building materials it provided to him. Menard argues (1) there is insufficient evidence to support the damage award and (2) the circuit court erred in qualifying Smith as an expert witness and admitting his testimony. We disagree and affirm the judgment. Because we also conclude this is a frivolous appeal, we award Smith his costs and attorney fees pursuant to Wis. Stat. § 809.25(3) and remand to the circuit court to determine the amount to be awarded.

BACKGROUND
¶2. This dispute involves three separate purchases from Menard by Smith: (1) doors that were damaged during delivery, (2) a defective sidelight and (3) shingles that were paid for but not delivered. First, Smith ordered several doors, which Menard delivered to the Marshall Mikesell shop for staining and then to Smith's job site. Some of the doors and their frames were damaged in transit between the Mikesell shop and the job site. Menard replaced the damaged doors, but did not pay for the staining of those replacement doors.
¶3. Second, Smith purchased a sidelight, which is a decorative glass panel mounted next to a door. The paint on the sidelight chipped and peeled. Smith was unable to get the chipping paint repaired or the sidelight replaced by either Menard or the product manufacturer.
¶4. Finally, Smith ordered five bundles of shingles. Rather than delivering the shingles as Smith expected, Menard set aside the shingles at the store, charging Smith's account. Smith never received the shingles. Menard representative Jim Hunt promised to credit Smith's account for the shingles ordered but not received; however, Smith never received the refund.
¶5. On September 23, 2002, Smith commenced this action. After a court trial, a judgment was entered against Menard for $742.64, reflecting the following damage amounts: $190 for the door refinishing, $500 for the defective sidelight and $52.64 for the shingles. Menard filed two postjudgment motions. At the January 9, 2004, hearing on Menard's second motion to vacate judgment, the court increased the damage award for the shingles to $134.95 and entered final judgment of $924.95.

DISCUSSION

Sufficiency of Evidence
¶6. Menard challenges the sufficiency of the evidence to support the circuit court's findings of fact as to Smith's damages.[2] When reviewing the sufficiency of the evidence, we use a highly deferential standard of review. Jacobson v. American Tool Cos., 222 Wis. 2d 384, 389, 588 N.W.2d 67 (Ct. App. 1998). We do not set aside the circuit court's findings of fact unless clearly erroneous. Wis. Stat. § 805.17(2).
¶7. Determinations as to the credibility of a witness and the weight to be accorded a witness's testimony are left to the circuit court. Lessor v. Wangelin, 221 Wis. 2d 659, 665, 586 N.W.2d 1 (Ct. App. 1998). Deference is appropriate since the circuit court has the unique opportunity to observe the demeanor and persuasiveness of a witness. Jacobson, 222 Wis. 2d at 390. In addition, because this is a small claims action, we bear in mind that the circuit court has wider discretion on the type of evidence to admit and to consider in reaching its decision. See Wis. Stat. § 799.209.
¶8. Menard's arguments primarily scrutinize the validity of the documentation that Smith provided in support of his damage claims. Menard correctly states that Smith has the burden of establishing his damages to a reasonable degree of certainty. See Plywood Oshkosh, Inc. v. Van's Realty & Constr., 80 Wis. 2d 26, 31, 257 N.W.2d 847 (1977). However, Smith need not introduce invoices or other documentary evidence in order to establish his damages. Smith is not required to prove his damages with mathematical accuracy or certainty. Id.
¶9. Menard's allegation that there is no evidence to support the damage award ignores both the relaxed evidentiary procedures of small claims actions and Smith's uncontradicted testimony. Small claims procedure gives the circuit court wide discretion in the admissibility of evidence. Wis. Stat. § 799.209.[3] The only restriction on that discretion relevant here is: "An essential finding of fact may not be based solely on a declarant's oral hearsay statement unless it would be admissible under the rules of evidence." Wis. Stat. § 799.209(2). Smith was the only witness to testify at the trial.
¶10. The record shows that the circuit court did not base its damage award solely on hearsay. While Menard frames its appeal as a challenge to the sufficiency of the evidence, a closer look at its arguments reveals that Menard is really challenging the admissibility of evidence. When it argues that Smith's testimony is "hearsay" and "self-serving," Menard is really alleging that the circuit court improperly relied on Smith's testimony when awarding damages. While "a claimant's mere statement or assumption that he has been damaged to a certain extent without stating any facts on which the estimate is made" is not enough to substantiate damages, Plywood Oshkosh, 80 Wis. 2d at 32 (citations omitted), the record shows that Smith's testimony on damages was more than a "mere statement or assumption." Smith relied on documentary evidence and his experience in construction in arriving at his damage figures.
¶11. First, the court based its $190 award for the damaged doors in part on the Mikesell invoice in the amount of $190, which reads: "Prefinishing as follows, after damage by Menards." (Emphasis added). The court also relied on Smith's testimony that the invoice reflected the correct charge for the additional staining services. The court expressly found, based on Smith's experience in the construction industry, that Smith was qualified to testify regarding cost. Smith's testimony was not rebutted by Menard.
¶12. Menard argues there is no evidence to support the judgment for the damaged doors because Smith did not produce a Menard receipt exactly matching the items listed on the Mikesell invoice. However, we conclude that the Mikesell invoice combined with Smith's unrefutted testimony are sufficient evidence on which to base the judgment of $190 for the additional staining required by the damage to the doors.
¶13. Second, the court based its $500 award for the defective sidelight on Smith's testimony that he paid for the sidelight, a Menard invoice reflecting the purchase price of the sidelight as $358.29, Smith's invoice indicating a $500 credit to his customer because of the defective sidelight, and Smith's testimony that $500 was a reasonable allowance for the materials and labor necessary to replace the sidelight. Again, Smith's testimony was not rebutted.
¶14. Menard argues there is no evidence to support the damage award of $500 for the sidelight. Menard claims it cannot be bound by a settlement negotiated between Smith and his customer when it was not a party to that negotiation. While Menard may not be "bound" by Smith's settlement, the court may consider the costs Smith incurred because of the defect. The circuit court found Smith's testimony credible and persuasive, and we will not set aside its finding that the $500 award for the defective sidelight was reasonable and supported by sufficient evidence.
¶15. Finally, the court based its award for the shingles on Smith's unrebutted testimony that the five bundles of shingles cost $134.95 and that he paid for the shingles but never received them.[4] The court also relied on Smith's testimony that a Menard representative promised to credit Smith for the shingles. Smith's testimony was properly admitted and relied on by the court as an admission of a party opponent, which, by definition, is not hearsay. See Wis. Stat. § 908.01(4)(b).
¶16. Menard argues there is no evidence to support the award for the shingles. We conclude that Menard is seeking to have us substitute our judgment regarding Smith's credibility for that of the circuit court. This effort flies in the face of the deference we are required to give a circuit court's factual and credibility determinations, especially in a small claims suit. Menard ignores (1) Smith's uncontradicted testimony; (2) the credibility given Smith's testimony by the circuit court; and (3) the relaxed evidentiary procedures of small claims court.

Expert Witness Testimony
¶17. Menard argues that the circuit court erred by qualifying Smith to testify as an expert and admitting Smith's expert testimony. We review a circuit court's ruling as to the admissibility of evidence, including whether a witness qualifies as an expert, under the erroneous exercise of discretion standard. Martindale v. Ripp, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698. When determining whether the circuit court properly exercised its discretion in making these evidentiary rulings, we also consider the more expansive discretion given to the circuit court under the informal evidentiary procedures of small claims cases. See Wis. Stat. § 799.209.
¶18. Menard argues that Smith does not qualify to testify as an expert witness under Wis. Stat. § 907.02. Menard also argues that Smith's testimony should not have been admitted because it was unfairly prejudicial under Wis. Stat. § 904.03, embraced an ultimate issue in violation of Wis. Stat. § 907.04 and exceeds the scope of permissible lay witness testimony under Wis. Stat. § 907.01. We disagree. Because this is a small claims case, the rules of evidence do not apply. See Wis. Stat. § 799.209(2). The circuit court had discretion to admit all relevant evidence regardless of whether it characterized the testimony as "expert" or otherwise. Menard has failed to establish that Smith's testimony regarding the extent of his damage was irrelevant. Accordingly, the circuit court did not abuse its discretion by admitting Smith's testimony.

Frivolous Appeal
¶19. Smith also moves for fees and costs on appeal, arguing that Menard's appeal is frivolous under Wis. Stat. Rule 809.25(3).[5] Smith alleges that Menard's appeal was filed in bad faith and has no basis in the law. See Wis. Stat. Rule 809.25(3)(c). Menard did not respond to Smith's arguments that the appeal is frivolous. See State v. Peterson, 222 Wis. 2d 449, 459, 588 N.W.2d 84 (Ct. App. 1998) (unrefuted arguments deemed admitted). Instead, on reply, it merely rehashes its factual arguments about the insufficiency of the evidence to award damages.
¶20. Whether an appeal is frivolous is an issue we decide as a matter of law. J.J. Andrews, Inc. v. Midland, 164 Wis. 2d 215, 225, 474 N.W.2d 756 (Ct. App. 1991). To award costs and attorney fees, we must conclude that the entire appeal is frivolous. State ex rel. Robinson v. Bristol, 2003 WI App 97, ¶54, 264 Wis. 2d 318, 667 N.W.2d 14. We impose sanctions for a frivolous appeal if we conclude, among other things, that the appeal had no reasonable basis in law.[6]See Wis. Stat. Rule 809.25(3)(c)2. Since the standard is objective, we look to what a reasonable attorney would have, or should have, known under the same or similar circumstances. See Stern v. Thompson & Coates, Ltd., 185 Wis. 2d 220, 240-41, 517 N.W.2d 658 (1994).
¶21. Menard's first issue on appeal, that the circuit court did not have sufficient evidence on which to base its judgment for damages, is without reasonable basis in the law. Menard erroneously contends that we review the circuit court's evidentiary rulings independently. Menard misstates the law, failing to cite the applicable small claims evidentiary procedures until its reply brief, and only then to refute Smith's allegation that Menard waived its arguments by failing to object at trial. It repeatedly misstates the facts of the case when it alleges no evidence supports the damage award, ignoring Smith's uncontradicted testimony. Menard essentially asks us to retry this case on appeal and to substitute our judgment on Smith's credibility for that of the circuit court. See Lessor, 221 Wis. 2d at 669 (appeal that argues for redetermination of witness credibility is frivolous). A reasonable attorney should have known Menard's first issue on appeal was without reasonable basis in the law. Accordingly, Menard's first argument is frivolous.
¶22. Menard's second argument, that the trial court erred by admitting Smith's expert testimony, is likewise frivolous. "The `abuse of discretion' standard of review of trial court decisions is well-known, and is difficult to overcome in the best of cases." Nelson v. Machut, 138 Wis. 2d 301, 309, 405 N.W.2d 776 (Ct. App. 1987). Menard's argument here hinges on Wis. Stat. ch. 904. However, Menard again ignores small claims procedure: "The proceedings shall not be governed by the common law or statutory rules of evidence ...." Wis. Stat. § 799.209(2) (emphasis added). Wisconsin Stat. ch. 904 does not even apply to this case. Id. A reasonable attorney should have known that Menard's second argument had no reasonable basis in law.
¶23. Since we determine Menard's entire appeal is frivolous, we "shall award to the successful party costs, fees and reasonable attorney fees" incurred in litigating the appeal. Wis. Stat. Rule 809.25(3)(a). Accordingly, we remand to the circuit court for a determination of Smith's costs, fees and reasonable attorney fees incurred in this appeal. See Minniecheske v. Griesbach, 161 Wis. 2d 743, 746, 468 N.W.2d 760 (Ct. App. 1991).
By the Court.  Judgment affirmed and cause remanded with directions.
NOTES
[1] This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Menard contends that the lack of sufficient evidence affected both the judgment and the denial of its motion to set aside the judgment. We address these arguments as one issue.
[3] Wisconsin Stat. § 799.209 reads in relevant part:

(1) The court ... shall conduct the proceeding informally, allowing each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts.
(2) The proceedings shall not be governed by the common law or statutory rules of evidence .... The court ... shall admit all other evidence having reasonable probative value, but may exclude irrelevant or repetitious evidence or arguments. An essential finding of fact may not be based solely on a declarant's oral hearsay statement unless it would be admissible under the rules of evidence.
[4] Smith also produced a sales receipt at the January 9, 2004, hearing reflecting the price of the shingles. That receipt was not marked as an exhibit, and the circuit court did not rely on it in making its findings.
[5] Wisconsin Stat. Rule 809.25(3) reads in relevant part:

(a) If an appeal or cross-appeal is found to be frivolous by the court, the court shall award to the successful party costs, fees, and reasonable attorney fees under this subsection. ...
....
(c) In order to find an appeal or cross-appeal to be frivolous under par. (a), the court must find one or more of the following:
1. The appeal or cross-appeal was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.
2. The party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
[6] Because we conclude that Menard's appeal is frivolous under Wis. Stat. Rule 809.25(3)(c)2, we do not address whether the appeal was brought in bad faith under rule 809.25(3)(c)1.