PER CURIAM.
¶1 Antonio Walter Roberts appeals from a judgment, entered upon his guilty plea, convicting him on one count of possession of narcotic drugs. Roberts complains that the circuit court erroneously denied his motion to suppress the fruits of an unlawful stop. We reject Roberts' challenge and affirm the judgment.
¶2 On October 7, 2016, Milwaukee police officers Aaron Frantal and Matthew Davis were on patrol. They observed a four-door Toyota with an "improperly displayed" temporary plate. The officers further observed that the driver and front-seat passenger were not wearing seatbelts. The officers initiated a traffic stop, and the Toyota pulled into a gas station parking lot. The front-seat passenger fled on foot.
¶3 The officers made contact with the driver, identifying him as Roberts. A record check revealed an outstanding arrest warrant, so Roberts was taken into custody pursuant to the warrant. During a search incident to arrest, police recovered a pill-cutting device from Roberts' jacket pocket. The device held three and a half pills, which were identified as oxycodone, a schedule II opioid. See WIS. STAT . § 961.16(2)(a)11. (2015-16).[1] Roberts was charged with one count of possession of a narcotic drug, contrary to WIS. STAT . § 961.41(3g)(am).[2]
¶4 Roberts moved to suppress "the fruits of an unlawful seizure," asserting that police lacked reasonable suspicion for the traffic stop. He argued that his license plate was displayed properly and that officers had no opportunity "to reliably observe if seatbelts were being utilized properly."
¶5 The circuit court held an evidentiary hearing on the motion. Two witnesses testified: Officer Frantal and Private Investigator Michael Wilkerson, a retired police detective. Frantal testified about the conditions preceding the traffic stop and his observations that the two front-seat individuals did not appear to be wearing their seatbelts. Wilkerson testified about his efforts to re-create the conditions of the stop, which Roberts argued demonstrated that Frantal could not have observed the position of the seatbelts in the Toyota.
¶6 After hearing from both witnesses, the circuit court ruled, in relevant part:
So look at the seatbelt situation, and I found that the officer testified credibly when he indicated that he could see the passenger's seatbelt vertically and could tell that the passenger wasn't wearing it and was pretty sure the driver wasn't, based on the angle.... Investigator Wilkerson wasn't on the scene on October 7th when this occurred and so he doesn't know the exact lighting conditions.
....
Then in regard to the temporary plate, I have no way of knowing how this -- the plate was displayed in the vehicle because I'm provided with Exhibit 1 which shows me the vehicle in that parking lot, but the trunk is up. So I can't tell. And then I'm provided with Exhibit No. 2 which does show a valid temporary plate. I don't think this is an easy call. I just don't. I don't think it's an easy call.
And I'm not saying that anybody wasn't credible. Everybody was credible. Investigator Wilkerson was credible, the police officer who testified on behalf of the State was credible....
....
So I have two separate alleged violations here. Officer [Frantal] testified that he could clearly see the passenger did not have his belt on. He indicated that in addition he was unable to read the plate. I found him credible. Like I said, I found former Detective Wilkerson credible too. But again, Investigator Wilkerson was not able to replicate the scene and conditions as they were on October 7th and didn't know anything about the lighting.
Based on everything that I have heard, I am going to deny the Defense's motion .... I do believe that [Frantal] observed the belt hanging vertically, believed that a traffic violation had taken place. We all know you can be pulled over for not wearing your seatbelt. That combined with the obstructed temporary plate, I think, did give them the ability to stop the vehicle. The motion is denied.
¶7 After the circuit court denied the suppression motion, Roberts pled guilty to the crime charged. He was sentenced to twelve months in the House of Correction, imposed and stayed in favor of eighteen months' probation. Roberts appeals, challenging only the circuit court's denial of the suppression motion. See WIS. STAT . § 971.31(10).
¶8 "The Fourth Amendment to the U.S. Constitution protects individuals from unreasonable searches and seizures." State v. Hogan , 2015 WI 76, ¶34, 364 Wis. 2d 167, 868 N.W.2d 124. A traffic stop is constitutionally permissible when the officer "has grounds to reasonably suspect that a crime or traffic violation has been or will be committed." See State v. Popke , 2009 WI 37, ¶23, 317 Wis. 2d 118, 765 N.W.2d 569. Whether there was reasonable suspicion for a traffic stop and whether a defendant's constitutional rights have been violated are questions of constitutional fact, to which we apply a two-step review. See State v. Post , 2007 WI 60, ¶8, 301 Wis. 2d 1, 733 N.W.2d 634 (reasonable suspicion); Hogan , 364 Wis. 2d 167, ¶32 (constitutional rights). Findings of historical fact are upheld unless clearly erroneous, but we independently apply constitutional principles to those facts. See Post , 301 Wis. 2d 1, ¶8.
¶9 In his brief, Roberts concedes that if Frantal and Davis could determine that Roberts and his passenger were not wearing their seatbelts, then the stop was reasonable and complied with the Fourth Amendment. Roberts argues, however, that based on Wilkerson's testimony, the officers could not so determine, so the circuit court's factual findings that Frantal was credible and could see that no seatbelts were being worn were clearly erroneous. But Roberts' argument is flawed in light of the standard of review we apply to the circuit court's fact-finding.
¶10 "Findings of fact shall not be set aside unless clearly erroneous[.]" WIS. STAT . § 805.17(2). "A finding is clearly erroneous if 'it is against the great weight and clear preponderance of the evidence.' " State v. Arias , 2008 WI 84, ¶12, 311 Wis. 2d 358, 752 N.W.2d 748 (citations omitted). "When the [circuit] court acts as the finder of fact, it is the ultimate arbiter of the credibility of witnesses and the weight to be given to their testimony." Plesko v. Figgie Int'l , 190 Wis. 2d 764, 775, 528 N.W.2d 446 (Ct. App. 1994). Due regard is given to the circuit court's opportunity to judge the credibility of the witnesses because of its superior opportunity to observe the witnesses' demeanor and gauge the persuasiveness of their testimony. See Lessor v. Wangelin , 221 Wis. 2d 659, 667-68, 586 N.W.2d 1 (Ct. App. 1998).
¶11 " '[I]t is not our function to review questions as to weight of testimony and credibility of witnesses.' " See id. at 667 (citation omitted). Nor is it "within our province to reject an inference drawn by a fact finder when the inference drawn was reasonable." Global Steel Prod. Corp. v. Ecklund , 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269. When the evidence supports two conflicting but reasonable inferences, the circuit court, not the court of appeals, must decide which inference to draw. Plesko , 190 Wis. 2d at 776. The circuit court's findings "will not be overturned on appeal unless they are inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts." Global Steel , 253 Wis. 2d 588, ¶10.
¶12 Roberts contends that the circuit court could not find both Frantal and Wilkerson credible because he believes that their testimony is diametrically opposed. "In essence," he says, "Officer Frantal testified that the light was red, and Detective Wilkerson testified that the light was green." While Frantal testified he was able to see into the car and determined the passenger was not wearing his seatbelt, Wilkerson testified that he could not see whether the seatbelt was being used during his experiment. Roberts thus believes the circuit court's factual findings are clearly erroneous.
¶13 Roberts' argument ignores an important premise: the circuit court concluded that Wilkerson's experiment was imperfect, noting that Wilkerson "wasn't on the scene on October 7th when this occurred and so he doesn't know the exact lighting conditions." Thus, both witnesses can be credible, despite opposing conclusions: Frantal testified credibly about the conditions of the stop that allowed him to see into Roberts' vehicle while Wilkerson testified credibly about his attempts to re-enact the stop and to show that Frantal could not have seen inside the car. Ultimately, the circuit court simply declined to draw an inference that Wilkerson's experiment disproved Frantal's testimony, given that the experiment was not an exact replication of the conditions of the stop.
¶14 Resolving the seeming conflict between two witnesses is precisely the type of weight and credibility assessment we depend on circuit courts to perform. Here, the circuit court's conclusion was reasonable and not contrary to the great weight of the evidence or the laws of nature. See Global Steel , 235 Wis. 2d 588, ¶10. We discern no error. Based on the circuit court's conclusions, the traffic stop for a seatbelt violation was supported by reasonable suspicion. See WIS. STAT . § 347.48(2m) (required seatbelt use). The motion to suppress was properly denied.[3]
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

"If a person possesses ... a controlled substance included in schedule I or II which is a narcotic drug, or a controlled substance analog of a controlled substance included in schedule I or II which is a narcotic drug, the person is guilty of a Class I felony." Wis. Stat . § 961.41(3g)(am).

Because we conclude the stop was appropriately supported by reasonable suspicion for a seatbelt violation, we decline to address any issues related to the position of the license plate: cases should be decided on the narrowest possible grounds. See State v. Blalock , 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).