COURT OF APPEALS
DECISION
DATED AND FILED

November 27, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP842**

Cir. Ct. No. **2019SC546**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

DOUGLAS ROBERT STREHLOW,

    PLAINTIFF-RESPONDENT,

V.

RENEE MARIE CERA,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dodge County: BRIAN A. PFITZINGER, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] Douglas Robert Strehlow filed this small-claims action against Renee Marie Cera, seeking eviction and monetary relief for

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Cera's alleged failure to pay rent due for March 2019. At a hearing on April 22, 2019, Strehlow submitted as exhibits the lease agreement between him and Cera, and the five-day and fourteen-day notices that he had given Cera. On April 23, 2019, the circuit court entered judgment for eviction and for money in the amount of $1,371.50. Cera appeals. As I explain, her appeal fails in several respects.

¶2 Cera's primary argument on appeal is that she had a defense to Strehlow's claim, namely, that she did not pay the full amount of rent due in March based on alleged deficiencies in the condition of the rental unit, Strehlow's alleged failure to correct those deficiencies, and Cera's alleged efforts to correct those deficiencies. Cera attaches to her appellant's brief copies of photographs, email correspondence, and invoices in support of her argument.

¶3 However, Cera's appeal fails because she does not cite to any part of the record showing that these materials were presented to and considered by the circuit court, as required by Wis. Stat. Rule 809.19(1)(d)-(e). This is inappropriate even for a pro se litigant. *See Waushara Cty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) ("*Pro se* appellants must satisfy all procedural requirements, unless those requirements are waived by the court." (alteration in original)). This court has no duty to scour the record to review arguments unaccompanied by adequate record citation. *Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256. Moreover, this court generally does not consider arguments unsupported by references to the circuit court record. *See State v. McMorris*, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (court of appeals may "choose not to consider … arguments that lack proper citations to the record").

¶4     Cera's appeal also fails because she in effect asks that this court retry the case and make independent factual findings, which this court cannot do. *See Wurtz v. Fleischman*, 97 Wis. 2d 100, 107 n.3, 293 N.W.2d 155 (1980). Moreover, "[w]hen the [circuit] court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and of the weight to be given to each witness's testimony." *Lessor v. Wangelin*, 221 Wis. 2d 659, 665, 586 N.W.2d 1 (Ct. App. 1998). "[I]t is the burden of the appellant to demonstrate that the [circuit] court erred." *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (quoted source omitted). Cera cannot meet this burden because the circuit court's judgments do not include the court's findings that it made at the hearing (and, as noted next, there is no transcript of the hearing in the record). Therefore, Cera is unable to demonstrate that the court's findings are clearly erroneous. *See* WIS. STAT. § 805.17(2) (the circuit court's findings of fact are reviewed under a clearly erroneous standard); *Global Steel Prods. Corp. v. Ecklund*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269 (the circuit court's "findings will not be overturned on appeal unless they are inherently or patently incredible, or in conflict with the uniform course of nature or with fully established or conceded facts.").

¶5     In addition to arguing that the circuit court erred in ordering eviction, Cera argues that she was not given the opportunity to present her evidence or given a fair hearing. However, as previewed above, I cannot assess the validity of her arguments because she failed to ensure that the transcript of the hearing was included in the record. "It is the appellant's responsibility to ensure completion of the appellate record." *State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774. When the record is incomplete in regard to an issue on appeal, this court assumes that the missing material supports the circuit

court's ruling. *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993). I rely on that assumption here and conclude that the circuit court's judgments are supported by the record developed at the hearing.

¶6    I acknowledge Cera's assertions of the harsh consequences of the eviction and monetary judgments in her situation. However, for all of the reasons stated above, her appeal from those judgments fails and, therefore, I affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

4