**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 9, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP1473**

**STATE OF WISCONSIN**

Cir. Ct. No.  2020TP34

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.G., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

                PETITIONER-RESPONDENT,

        V.

T.E.-P.,

                RESPONDENT-APPELLANT.

        APPEAL from an order of the circuit court for Milwaukee County:
ELLEN R. BROSTROM, Judge. *Affirmed.*

¶1    DONALD, P.J.[1] T.E.-P. appeals the order of the circuit court terminating her parental rights to her daughter, A.G. T.E.-P. contends that the circuit court erroneously exercised its discretion at the dispositional hearing when it found that it was in A.G.'s best interests to terminate T.E.-P.'s parental rights. We affirm.

## BACKGROUND

¶2    T.E.-P. gave birth to A.G. on January 28, 2019. At birth, A.G. tested positive for opiates and exhibited withdrawal symptoms. A.G. was prescribed medication and placed in a neonatal intensive care unit for approximately one month. After A.G. was discharged from the hospital, she was placed into foster care based on concerns that T.E.-P. was continuing to use controlled substances.

¶3    On February 13, 2020, the State filed a petition to terminate T.E.-P.'s parental rights to A.G.[2] The petition alleged that A.G. was a child in continuing need of protection or services (continuing CHIPS) and that T.E.-P. had failed to assume parental responsibility.

¶4    T.E.-P. pled no contest to the ground of continuing CHIPS and the failure to assume parental responsibility ground was dismissed. In support of the plea, testimony was taken from A.G.'s case manager, K.K. The circuit court found that T.E.-P. was unfit, and the matter proceeded to disposition.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] A.G.'s father's parental rights were also terminated in these proceedings. His rights are not on appeal in this action. As a result, this decision focuses on the facts and the proceedings as they relate to T.E.-P.

¶5　In the dispositional phase, testimony was taken from foster parent and adoptive resource L.L.; K.K.; T.E.-P.; A.G.'s father; and the brother of A.G.'s father.

¶6　The State argued that termination of T.E.-P.'s parental rights was in the best interests of the child. The Guardian ad Litem also recommended that T.E.-P.'s parental rights be terminated. T.E.-P. requested that the circuit court return the case to the CHIPS court.

¶7　The circuit court found that it was in A.G.'s best interests to terminate T.E.-P.'s parental rights. This appeals follows. Additional relevant facts will be referenced below.

## DISCUSSION

¶8　On appeal, T.E.-P. argues that the circuit court erroneously exercised its discretion at the dispositional hearing when it determined that termination of T.E.-P.'s parental rights was in the best interests of A.G.

¶9　The circuit court's decision whether to terminate parental rights is discretionary. *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Dane Cnty. v. Mable K.*, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198.

¶10　When assessing whether termination is warranted, the circuit court is required to focus on what is in the child's best interests. WIS. STAT. § 48.426(2); *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶28, 255 Wis. 2d 170, 648

N.W.2d 402. To make this decision, the court considers, but is not limited to, the following factors:

> **(a)** The likelihood of the child's adoption after termination.
>
> **(b)** The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> **(c)** Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> **(d)** The wishes of the child.
>
> **(e)** The duration of the separation of the parent from the child.
>
> **(f)** Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

Sec. 48.426(3).

¶11　T.E.-P. concedes that the circuit court considered each of the factors in WIS. STAT. § 48.426(3). Nonetheless, T.E.-P. argues that an examination of the evidence in this case leads "to only one conclusion that a reasonable judge could make: that termination was not in the best interest of A.G."

¶12　In essence, this argument asks that we weigh the evidence differently from the circuit court. However, the weight and credibility of the evidence are solely for the circuit court to determine. *See Lessor v. Wangelin*, 221 Wis. 2d 659, 665, 586 N.W.2d 1 (Ct. App. 1998). The circuit court is not required to afford greater weight to any particular factor in WIS. STAT. § 48.426(3), and this court will defer to the circuit court as to the weight it gives various factors and

affirm so long as the court properly examined each factor. *See State v. Margaret H.*, 2000 WI 42, ¶¶29, 35, 234 Wis. 2d 606, 610 N.W.2d 475.

¶13     Here, the record reflects that the circuit court properly took into consideration each of the factors in WIS. STAT. § 48.426(3).

¶14     The first factor is the likelihood of the child's adoption. WIS. STAT. § 48.426(3)(a). In regards to this factor, the circuit court found that "[o]bviously, [A.G.] is likely to be adopted if termination were to be granted."

¶15     The second factor is the age and health of the child at the time the child was removed from the home and the time of the disposition. WIS. STAT. § 48.426(3)(b). The circuit court took into consideration that at the time of the disposition A.G. was twenty-six months old and her health seemed "to be excellent," except for a latent speech issue, which suggested a "potential vulnerability." The court also observed that at the time of A.G.'s removal, she had in utero drug exposure and had spent a full month in the neonatal intensive care unit.

¶16     The third factor is whether the child has a substantial relationship with the parent or other family members and whether it would be harmful to the child to sever those relationships. WIS. STAT. § 48.426(3)(c). The circuit court found that A.G. knows T.E.-P., but "likely does not have a substantial relationship" given the limited amount of time A.G. had spent with her. The court estimated that T.E.-P. had spent less than 1% of A.P.'s life with her. The court acknowledged that "some of that lack of contact [was] due to DMCPS's refusal to increase visitation," but found that most of it stemmed from T.E.-P.'s own actions and choices. The court noted that when the termination of parental rights petition was filed, T.E.-P. was "disengaged," had been struggling with addiction for a

significant period of time, and A.G. had spent the first year of her life in the home of L.L., the foster parent and adoptive resource.

¶17    The circuit court recognized that there would be "some harm" in severing the legal relationship. However, the court observed that T.E.-P. and L.L. "have already demonstrated they have a great relationship[.]" The court noted that they communicate about another biological child of T.E.-P.'s who L.L. had previously adopted.

¶18    The fourth factor is "the wishes of the child." WIS. STAT. § 48.426(3)(d). The circuit court found that A.P. was too young to express her wishes.

¶19    The fifth factor is the duration of the parent's separation from the child. WIS. STAT. § 48.426(3)(e). The circuit court observed that A.G. had been separated from T.E.-P. for her entire life.

¶20    The sixth factor is "[w]hether the child will be able to enter into a more stable and permanent family relationship as a result of the termination[.]" WIS. STAT. § 48.426(3)(f). The circuit court found that A.G. was "bonded" with L.L.'s family. The court stated that:

> So effectively what [T.E.-P. is] asking is that I take a big risk with [A.G.'s] life. That I dismiss this petition, and I eliminate the immediate possibility that [A.G.] stay in this safe, stable, and loving home, the only home she's ever really known, and instead send this back to the CHIPS court to see what happens.
>
> It may all turn out well. She may be reunited with [T.E.-P.] in a relatively short time frame, or she may not. A relapse might occur.

6

¶21 In addition to the six factors identified in WIS. STAT. § 48.426(3), the circuit court took into consideration other relevant facts, including that T.E.-P. was "doing extremely well," had a "solid base of sobriety," was "a great mom" to [K.]," a child who was born after A.G., and had extended family support. The court also stated that the trauma of removing a child from the home, "potentially could be somewhat mitigated with a gradual transition from one home to the next." However, the court found that it would be "a big, big deal to remove [A.G.] from her only home, from the only caregivers she has ever known, subject her to a severing of that attachment—which may or may not be handled really well—to move her to a home where there remains a risk of relapse."

¶22 Finally, the circuit court recognized that the age and health of L.L. and her husband were "not ideal."[3] However, the court concluded that "given all of these things in balance," termination of T.E.-P.'s parental rights was in the best interests of A.G.

¶23 Therefore, the record reflects that the circuit court properly examined each of the factors in WIS. STAT. § 48.426(3) along with other relevant factors and provided a reasoned explanation supporting its decision to terminate T.E.-P.'s parental rights. Accordingly, we affirm the circuit court's order.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] At the time of the disposition, L.L. was sixty and her husband was sixty-six. L.L.'s husband has diabetes.