COURT OF APPEALS
DECISION
DATED AND FILED

February 15, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2248**

STATE OF WISCONSIN

Cir. Ct. No. **2019SC2762**

IN COURT OF APPEALS
DISTRICT III

DAVID ANTHONY KROEGER,

PLAINTIFF-APPELLANT,

V.

MELISSA CUMMINGS,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Outagamie County: JOHN A. DES JARDINS, Judge. *Reversed and cause remanded for further proceedings.*

¶1 GILL, J.[1] David Kroeger appeals from a small claims judgment awarding him $250 on his claim against Melissa Cummings. Kroeger argues the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

circuit court erroneously exercised its discretion by awarding him only $250 in damages. We agree that the court erroneously exercised its discretion by failing to explain the basis for the amount of damages awarded. We therefore reverse and remand for the court to reconsider—and to provide an appropriate explanation for—its decision regarding the amount of damages to which Kroeger is entitled.

## BACKGROUND

¶2 Kroeger filed a small claims summons and complaint against Cummings, his half-sister, in September 2019, alleging that she had failed to pay him for repairs he performed on her vehicle, and for towing and vehicle storage costs. Cummings filed an answer and counterclaim, in which she alleged that Kroeger had failed to provide her with an itemized receipt for the work he had performed on her vehicle and had improperly refused to return the vehicle for more than a year. A small claims hearing was held before a court commissioner in October 2019, after which Kroeger requested a de novo hearing before the circuit court.

¶3 At the de novo hearing, Cummings testified that in July 2018, her younger sister arranged for Kroeger to perform repair work on Cummings' 1999 Dodge Durango. According to Cummings, Kroeger was "only supposed to fix a brake line and … window," and the work was supposed to be completed by September 1, 2018. Cummings called Kroeger on September 8 to inquire about the status of her vehicle, and the following day Kroeger told her that she owed him $725 for parts and labor. Cummings testified that she asked Kroeger to provide her with an itemized bill, but he failed to do so until October 7, 2019. In the interim, and until the date of the de novo hearing, Cummings refused to pay Kroeger, and Kroeger refused to return her vehicle.

¶4 Kroeger testified that when he inspected Cummings' vehicle in July 2018, he discovered that the "complete braking system was deteriorated." The calibers were leaking, the brake pads and rotors were worn out, the wheel cylinders were leaking, the rear axle seals were leaking oil onto the brake shoes, and the brake lines were deteriorated. In addition, Kroeger discovered that the repair to the vehicle's window would require "more than just putting [the window] back on the track. The window regulator was broken or … the track itself was broken." Kroeger also noticed that the vehicle's battery was not properly secured and was "bouncing into the radiator and into the circuit box."

¶5 Kroeger testified that he asked Cummings whether she wanted him to repair the battery, and she agreed that he should do so. He also testified that he told Cummings her vehicle had "a complete braking system failure" that needed repair. Cummings, however, denied that she authorized Kroeger to perform any repairs on her vehicle beyond replacing the brake line and fixing the window.

¶6 The itemized bill that Kroeger provided to Cummings in October 2019 alleged that she owed him $5,466.20 for parts, labor, and towing costs. At trial, when Kroeger was asked to explain the discrepancy between that figure and his initial statement that Cummings owed him $725 for the repairs, he merely asserted that the "initial figure was misquoted." The itemized bill also alleged that Cummings owed Kroeger vehicle storage costs of $20 per day from September 9, 2018, through September 8, 2019, which amounted to $7,300.[2] When the circuit court questioned the reasonableness of those storage costs,

---

[2] Kroeger's itemized bill identified damages totaling $12,766.20, but because this case proceeded as a small claims matter, the damages Kroeger could recover were limited to $10,000. *See* WIS. STAT. § 799.01(1)(d).

Kroeger maintained that they were reasonable because other facilities charged $40 per day for vehicle storage.

¶7    The circuit court ultimately stated: "What I would like to do here today is just resolve this thing with you folks.  And I'm thinking maybe if [Cummings] paid you [Kroeger] $250, you could just walk away from this whole thing and let it go."  The court continued:

> [Y]ou got the issue of this estate,[3] the family feud kind of thing, the Hatfields and McCoys going at it, and it's hard to trust anybody.  I don't know you people.  It's hard to trust anybody.  But $250 in your pocket is better than nothing. Just call it a day and move on.

¶8    The circuit court further explained that Kroeger would have been more credible "if [he] would have acted timely with that $700 bill."  Under the circumstances, however, the court found that Kroeger did not have "sufficient credibility" for the court to "believe his claim."  The court subsequently clarified that it did believe Kroeger had done some repair work on Cummings' vehicle, but it was "hard to know with any kind of mathematical precision exactly how much. So it leaves the Court with not a great idea of what should be awarded."  Without further explanation, the court then awarded Kroeger $250 on his claim against Cummings.  The court also ordered that Cummings was entitled to the return of her vehicle.  Kroeger now appeals.[4]

---

[3] Both Kroeger and Cummings acknowledged at trial that there was an underlying dispute in their family regarding Kroeger's father's estate.

[4] Cummings has not filed a respondent's brief in this appeal.  We could summarily reverse the circuit court's judgment on that basis alone.  *See* WIS. STAT. RULE 809.83(2). Nevertheless, we exercise our discretion to address the merits of Kroeger's arguments.

**DISCUSSION**

¶9 Kroeger argues that the circuit court erroneously exercised its discretion by awarding him only $250 in damages. He contends that he presented uncontroverted evidence during the de novo hearing that established each of the elements of an unjust enrichment claim. He further argues that the only evidence presented during the hearing regarding the amount of his damages was the itemized bill that he provided to Cummings in October 2019, which reflected repair and towing costs of $5,466.20 and storage costs of $7,300. Under these circumstances, Kroeger asserts there was no basis in the record for the court's decision to award him only $250.

¶10 "A circuit court's decision to grant equitable relief in an action for unjust enrichment is discretionary." *Ulrich v. Zemke*, 2002 WI App 246, ¶8, 258 Wis. 2d 180, 654 N.W.2d 458. The determination of damages also lies within the circuit court's discretion. *J.K. v. Peters*, 2011 WI App 149, ¶32, 337 Wis. 2d 504, 808 N.W.2d 141. We will affirm a discretionary decision as long as the court examined the relevant facts, applied a proper standard of law, and used a rational process to reach a reasonable conclusion. *Ulrich*, 258 Wis. 2d 180, ¶8.

¶11 As Kroeger correctly notes, an unjust enrichment claim requires proof of three elements: (1) a benefit conferred on the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable for the defendant to retain the benefit. *See id.*, ¶10. Kroeger argues he established each of these elements at the de novo hearing by presenting uncontroverted evidence that: (1) he conferred a benefit on Cummings by providing parts and labor to repair her vehicle, and by towing and storing the

vehicle; (2) Cummings had knowledge or an appreciation of the benefit that he conferred upon her; and (3) it is inequitable for Cummings to retain the benefit of his services without paying him for them.

¶12 Kroeger overstates his case, as the evidence he presented at trial was not uncontroverted. Kroeger testified that he told Cummings about the need for additional repairs—beyond merely replacing her vehicle's brake line and fixing a window—and that Cummings agreed he should perform the additional repair work. Cummings disputed Kroeger's testimony, however, and asserted that she did not approve the additional repairs. The circuit court expressly found that Kroeger's testimony lacked credibility. When the circuit court acts as the finder of fact, "it is the ultimate arbiter of the credibility of the witnesses and of the weight to be given to each witness's testimony." *Lessor v. Wangelin*, 221 Wis. 2d 659, 665, 586 N.W.2d 1 (Ct. App. 1998). Whether Cummings approved the additional repairs that Kroeger performed is relevant to whether she had an appreciation of the benefit that Kroeger conferred upon her, and whether it was inequitable for Cummings to retain that benefit.

¶13 Moreover, while Kroeger asserts that the itemized bill from October 2019 was the only evidence presented as to the amount of his damages, the circuit court found that Kroeger's calculation of damages in the itemized bill was not credible, given his initial assertion that Cummings owed him only $725. The court also questioned the reasonableness of Kroeger "racking up" storage fees of $20 per day for approximately one year, in an amount that greatly exceeded both the cost of repairs and the value of Cummings' vehicle.

¶14 Under these circumstances, to the extent Kroeger argues the circuit court erroneously exercised its discretion by failing to award him the entirety of

the repair, towing, and storage fees reflected in the October 2019 itemized bill, we reject that assertion. The court adequately explained why it did not believe Kroeger was entitled to all of the damages set forth in the itemized bill.

¶15 Nevertheless, the circuit court stated it believed that Kroeger had done some work on Cummings' vehicle. The court explained, however, that it was difficult to determine "with mathematical precision" what the amount of Kroeger's damages should be. The court then awarded Kroeger $250 in damages, but it did not provide any explanation for its decision to award that amount.

¶16 We agree with Kroeger that the circuit court erroneously exercised its discretion in this regard. Although the court aptly noted that it was difficult to determine the amount of Kroeger's damages with precision, the court completely failed to explain why it chose to award him $250. When a court fails to adequately explain its reasoning for a discretionary decision, we may independently review the record to determine whether it supports the court's exercise of discretion. *Kustelski v. Taylor*, 2003 WI App 194, ¶16, 266 Wis. 2d 940, 669 N.W.2d 780. In this case, however, our independent review reveals no nexus between the evidence in the record and the court's decision to award Kroeger $250. As such, we cannot affirm the court's award of damages in that amount. We therefore reverse the court's judgment awarding Kroeger $250, and we remand for the court to reconsider—and provide an appropriate explanation for—its determination as to the amount of Kroeger's damages.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

7