COURT OF APPEALS
DECISION
DATED AND FILED

December 15, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2112**

STATE OF WISCONSIN

Cir. Ct. No. **2019CV409**

IN COURT OF APPEALS
DISTRICT IV

JASON RIEL,

    PLAINTIFF-APPELLANT,

V.

SCOTT P. PRAGER,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dodge County: BRIAN A. PFITZINGER, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Jason Riel appeals an order of the Dodge County Circuit Court dismissing his lawsuit against Scott Prager. We affirm because Riel

has not demonstrated that he is entitled to recover damages on his claims against Prager brought pursuant to WIS. STAT. § 100.20(5) (2019-20).[1]

¶2      The following material facts are largely gleaned from the jury trial transcript.

¶3      In 2017, Riel took his truck to Prager's repair shop after Riel began experiencing difficulties with the truck.  Prager diagnosed an issue with the truck's head gasket and estimated for Riel that it would cost $4,000 to repair that problem.  Riel ultimately authorized the repairs and paid Prager $4,000 after Prager finished those repairs.  Riel continued experiencing difficulties with the head gasket and brought the truck back to Prager for further repairs, but Prager could not identify any particular problem with the head gasket.  Riel eventually had the head gasket repaired by another repair shop.

¶4      Riel brought claims against Prager in the circuit court for breach of contract and breach of implied warranty.  Riel also brought a claim under WIS. STAT. § 100.20(5) alleging that Prager violated WIS. ADMIN. CODE § ATCP 132.03 (Oct. 2022)[2] by failing to provide Riel with a written repair order before starting repairs.  Riel moved for partial summary judgment, seeking to establish as a matter of law that Prager violated § ATCP 132.03 and that Prager was personally liable for Riel's alleged damages.  The circuit court denied Riel's

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] The text of this administrative regulation is provided later in this opinion.  All subsequent references to WIS. ADMIN. CODE ch. ATCP 132 are to the October 2022 register date unless otherwise indicated.

2

motion, explaining that genuine issues of material fact caused the motion for partial summary judgment to fail.

¶5      The case proceeded to a jury trial.  After the parties finished presenting evidence, the circuit court and the parties discussed the special verdict and jury instructions.  With respect to Riel's WIS. ADMIN. CODE § ATCP 132.03 claim, the court directed a verdict for Prager on the ground that there was insufficient evidence presented at trial that Prager violated that administrative regulation.  With respect to Riel's breach of contract claim, the parties stipulated that Riel would be entitled to $4,000 in damages if the jury found that Prager breached a contract with Riel.  The court did not include any questions on the special verdict regarding Riel's implied warranty claim on the ground that the claim was duplicative of the breach of contract claim.  The jury determined that Prager did not breach his contract with Riel.[3]  Accordingly, the circuit court entered an order dismissing Riel's lawsuit.  Riel appeals the court's order for dismissal.

¶6      On appeal, Riel argues that the circuit court erroneously directed a verdict on his WIS. ADMIN. CODE § ATCP 132.03 claim.  We begin by setting forth our standard of review.

¶7      "A motion for a directed verdict challenges the sufficiency of the evidence."  *Emer's Camper Corral, LLC v. Alderman*, 2020 WI 46, ¶15, 391 Wis. 2d 674, 943 N.W.2d 513; WIS. STAT. § 805.14(4).  A circuit court may direct a verdict if it "is satisfied that, considering all credible evidence and reasonable

_____

[3] Riel does not challenge the circuit court's dismissal of the implied warranty and breach of contract claims on appeal, and we do not further discuss those claims.

3

inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party." Sec. 805.14(1). When a circuit court directs a verdict, we will uphold the circuit court's decision unless the circuit court was "clearly wrong." *Emer's Camper Corral*, 391 Wis. 2d 674, ¶15. "A circuit court's evidentiary determination is clearly wrong when there is any credible evidence to support the position of the non-moving party." *Id.*[4]

¶8　　This appeal also requires us to interpret a statute and administrative regulations. We review the interpretation of statutes and administrative regulations de novo. *Aslakson v. Gallagher Bassett Servs., Inc.*, 2007 WI 39, ¶24, 300 Wis. 2d 92, 729 N.W.2d 712. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*; *see* WIS. STAT. § 990.01(1). When interpreting administrative regulations, we use the same rules of interpretation as we apply to statutes. *Aslakson*, 300 Wis. 2d 92, ¶25.

¶9　　We now discuss that, in order to recover pursuant to WIS. STAT. § 100.20(5), Riel must establish that he suffered a pecuniary loss as a result of

---

[4] We note that Prager did not move for a directed verdict with respect to Riel's WIS. ADMIN. CODE § ATCP 132.03 claim, and the circuit court apparently directed a verdict for Prager sua sponte. However, Riel does not argue that the court erred in directing a verdict without a motion from Prager, and we do not address that further.

Prager's alleged violation of WIS. ADMIN. CODE § ATCP 132.03. Section 100.20(5) provides a cause of action for consumers to sue for violations of administrative regulations issued pursuant to that statute:

> Any person suffering pecuniary loss because of a violation by any other person of [WIS. STAT. §] 100.70 or any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney fee.

Sec. 100.20(5); *see also **Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.**,* 2009 WI App 65, ¶9, 318 Wis. 2d 802, 767 N.W.2d 394 (explaining that the administrative regulations in ch. ATCP 132 are "orders" issued under § 100.20 and that § 100.20(5) "supplies the teeth" to those provisions). Dispositive to this appeal, under § 100.20(5), a person can recover for a violation of an administrative regulation only if the person suffers a pecuniary loss "because of" that violation. Sec. 100.20(5). Interpreting this requirement, this court has held that "a party asserting a pecuniary loss for the purposes of []§ 100.20(5) must show that there is a causal connection between a prohibited trade practice … and the damage incurred." **Grand View Windows, Inc. v. Brandt**, 2013 WI App 95, ¶21, 349 Wis. 2d 759, 837 N.W.2d 611; *see also **Kaskin***, 318 Wis. 2d 802, ¶14 ("We have no quarrel with the assertion that a violation of the code must 'cause' a pecuniary loss to the consumer.").

¶10 Riel asserts that Prager violated several provisions of WIS. ADMIN. CODE ch. ATCP 132. But, Riel's sole contention that he suffered a pecuniary loss as a result of Prager's violation of § ATCP 132.03 concerns one subpart of that administrative regulation: Prager's failure to notify Riel of his right to inspect or

5

receive replaced parts pursuant to § ATCP 132.03(3)(f).[5] Solely for purposes of this appeal we will assume, without deciding, that Prager violated § ATCP 132.03(3)(f).

---

[5] WISCONSIN ADMIN. CODE § ATCP 132.03 states, in pertinent part:

> (1) Requirement. Before a shop starts any repairs whose total price may exceed $50.00, a shop representative shall prepare a written repair order that clearly and legibly describes the repairs authorized by the customer. The repair order shall be dated and signed by the shop representative, and shall include all of the information required under sub. (3).

> (2) Customer copy. Before a shop starts any repairs whose total price may exceed $50, a shop representative shall provide the customer with a complete and accurate copy of the repair order under sub. (1) for those repairs, except that a customer copy is not required if there was no face-to-face contact between the customer and a shop representative when the repairs were authorized.

> (3) Repair order contents. A repair order under sub. (1) shall include all of the following:

> ….

> (f) Notice that customer is entitled to inspect or receive any components, parts or accessories replaced or removed by the shop.

Sec. ATCP 132.03(1), (2), (3)(f).

Of importance to our analysis is that Riel makes no argument on appeal that Prager's purported violation of WIS. ADMIN. CODE § ATCP 132.03(1) and (2) (regarding the requirement that the written repair order must describe the repairs authorized by the customer) caused a pecuniary loss to Riel.

(continued)

¶11   We reject Riel's arguments for several reasons. First, Riel does not establish, based on this record, any "causal connection" between an alleged violation of WIS. ADMIN. CODE § ATCP 132.03(3)(f) and a pecuniary loss incurred. *See* **Grand View Windows**, 349 Wis. 2d 759, ¶21. For instance, Riel does not argue that he would have declined to authorize the repairs had Prager given proper notice under § ATCP 132.03(3)(f) regarding the parts or that Prager's alleged failure to give proper notice about the parts contributed to faulty repairs of the truck in some way. Riel also does not argue that Prager's violation of § ATCP 132.03(3)(f) caused any other pecuniary loss, for instance by depriving him of the value of the replaced parts. Instead, Riel makes a contention regarding pecuniary loss and Prager's violation of § ATCP 132.03(3)(f) that is divorced from the record in this matter. More particularly, Riel asserts that Prager's failure to give notice about the replaced parts under § ATCP 132.03(3)(f) "should create

Separately, Riel argues on appeal that Prager failed to provide an invoice as required by WIS. ADMIN. CODE § ATCP 132.08 and that Prager failed to retain copies of the repair order and invoice as required by WIS. ADMIN. CODE § ATCP 132.10. Prager contends that Riel did not raise these issues in the circuit court. Riel asserts that these issues were raised in evidence and argument at trial, and he attempts to support that assertion with citations to portions of the trial transcript. Based on our review of the record, Riel has misstated the record in his representations that he presented evidence and made arguments in the circuit court regarding Prager's alleged violations of §§ ATCP 132.08 and 132.10. With respect to § ATCP 132.08, the portions of the record relied on by Riel do not contain any discussion of Prager's alleged failure to provide Riel with an invoice or the requirements of § ATCP 132.08. Similarly, the portions of the record relied on by Riel regarding § ATCP 132.10 do not contain any discussion of Prager's alleged failure to retain repair records. Accordingly, because Riel raises the arguments regarding § ATCP 132.08 and § ATCP 132.10 for the first time on appeal, we will not consider those arguments in this opinion. **Best Price Plumbing, Inc. v. Erie Ins. Exch.**, 2012 WI 44, ¶41, 340 Wis. 2d 307, 814 N.W.2d 419 (under WIS. STAT. § 805.13(3), a party's failure to object to proposed jury instructions or verdict questions at the jury instruction conference results in the forfeiture of any error in the proposed instructions or verdict, and this statute represents the policy that "parties should marshal the relevant facts and law prior to trial"); **Ford Motor Co. v. Lyons**, 137 Wis. 2d 397, 417, 405 N.W.2d 354 (Ct. App. 1987) (a party's failure to include alleged errors in its motions made after the verdict constitutes a forfeiture of those errors); *see also* **Gibson v. Overnite Transp. Co.**, 2003 WI App 210, ¶9, 267 Wis. 2d 429, 671 N.W.2d 388 ("Generally, we will not consider on appeal arguments not made to the trial court.").

an irrebuttable presumption that the defective parts were not replaced," and Riel's pecuniary loss based on that presumption should be deemed "equal to the amount paid for the repair work in question."

¶12    Riel argues that this court's opinion in *Kaskin* supports his argument, and we now consider that opinion. Kaskin took his truck to a repair shop and the shop gave him an estimate of one cent for the repairs because the shop assumed the truck repairs would be covered by a warranty. *Kaskin*, 318 Wis. 2d 802, ¶3. The shop later called Kaskin to tell him that it had performed $5,000 in repairs that were not covered by the warranty. *Id.*, ¶5. Kaskin paid the bill so that the shop would return his truck, then sued the shop under WIS. STAT. § 100.20(5) because the shop performed repairs without his authorization contrary to WIS. ADMIN. CODE § ATCP 132.02 ("No shop may perform any repair that has not been authorized by the customer."). *Id.*, ¶¶5, 6. The shop moved for summary judgment, arguing that Kaskin did not suffer a pecuniary loss as a result of the shop's alleged violation of § ATCP 132.02 because the shop did not cause the truck to need engine repair and because Kaskin paid a fair price for the repairs necessary to fix the truck. *Id.*, ¶6. The circuit court granted the motion, holding that Kaskin did not suffer a pecuniary loss caused by the lack of authorization. *Id.*

¶13    On appeal, this court reversed the circuit court's grant of summary judgment. This court examined the case law interpreting WIS. STAT. § 100.20(5) and held that, "where a general order promulgated … under … § 100.20(2) prohibits the retention or receipt of the customer's money, the consumer suffers a pecuniary loss under § 100.20(5) in the amount that was wrongfully retained or received." *Id.*, ¶24. Applying this rule to WIS. ADMIN. CODE § ATCP 132.02, the court held that "when a motor vehicle repair shop receives money from a customer for repairs that the customer did not authorize, or at a price not authorized, the

customer's pecuniary loss is the entire amount of the unauthorized charges that the customer paid to the motor vehicle repair shop." ***Id.***

¶14     For his part, Riel points to language from ***Kaskin*** that he suggests leads to the conclusion that any violation of WIS. ADMIN. CODE ch. ATCP 132 causes a pecuniary loss:

> We hold that a repair shop, which finds itself outside the law and which has taken money from a consumer after violating the law, causes pecuniary loss to the consumer because of the violation. This is so because the consumer has been prevented from exercising a statutory right—the right of informed consent. It is not the consumer's burden to prove that he or she would have done something differently had the proper information been given. Rather, the burden is wholly upon the repair shop. Strict as it is, the policy makers obviously believed that only by exposing the repair shop industry to strict conformance at the risk of having to pay back double if sued, could the problem of consumer exploitation be resolved.

***Id.***, ¶28.   ***Kaskin*** also states:  "A customer filing an action under [WIS. STAT.] § 100.20(5) is … not required to prove anything except that (1) he or she paid and (2) that payment was for unauthorized repairs or repairs otherwise performed in violation of WIS. ADMIN. CODE ch. ATCP 132."   ***Id.***, ¶24. According to Riel, these portions of ***Kaskin*** establish that "a shop owner's violation of the [ch. ATCP 132] notice requirements, *per se*, causes pecuniary loss to the consumer."

¶15     This language in ***Kaskin*** does not establish as broad a rule as Riel contends.  In ***Kaskin***, the dispute involved only a challenge under WIS. ADMIN. CODE § ATCP 132.02—a provision prohibiting unauthorized repairs.  In resolving that dispute, the court relied on prior decisions involving the unauthorized retention of money and concluded that a customer suffers a pecuniary loss if he or

she pays for unauthorized repairs in violation of § ATCP 132.02. This court did not give any indication in *Kaskin* that it was creating an expansive rule that applied to all provisions of ch. ATCP 132. Our reading of that opinion is bolstered by a footnote in *Kaskin* in which this court clarified that its holding was limited to unauthorized repairs and that customers are not entitled to recover damages under WIS. STAT. § 100.20(5) for every violation of ch. ATCP 132:

> We acknowledge that not every violation of WIS. ADMIN. CODE ch. ATCP 132 amounts to the repairs being unauthorized by the customer. In *Huff & Morse*, we explained that WIS. STAT. § 100.20(5) does not prohibit a motor vehicle repair shop from collecting or receiving payment for repairs that have not been authorized by the exact requirements of the code. Instead, a customer finding a violation of the written estimate requirement has not suffered a pecuniary loss if the customer admits to authorizing to the repairs.

*Id.*, ¶24 n.6 (citations omitted) (citing *Huff & Morse, Inc. v. Riordon*, 118 Wis. 2d 1, 9-10, 345 N.W.2d 504 (Ct. App. 1984)). Additionally, if we were to construe *Kaskin* as Riel suggests, we would be effectively eliminating the "causal connection" requirement set forth in § 100.20(5). As a result, *Kaskin* must be read as applying only when a repair shop violates the law by receiving or retaining a customer's money without authorization, such as by charging for unauthorized repairs contrary to § ATCP 132.02. Thus, because Prager's alleged violation regarding the parts notice did not involve the unauthorized receipt or retention of Riel's money, Riel did not suffer a pecuniary loss under *Kaskin*.

¶16 Next, Riel suggests that he is entitled to damages under WIS. STAT. § 100.20(5) because *Kaskin* recognized that WIS. ADMIN. CODE ch. ATCP 132 is designed to provide customers with "informed consent" when dealing with repair shops. *See Kaskin*, 318 Wis. 2d 802, ¶¶16-17 (discussing the "informed consent" rationale underlying ch. ATCP 132). However, as with his other arguments, Riel

does not grapple with the requirement under § 100.20(5) that a violation of an administrative regulation must cause a pecuniary loss. Significantly, Riel does not explain how Prager's alleged violation of § ATCP 132.03(3)(f) caused Riel to lack informed consent before he authorized the repairs. Riel does not give any explanation as to how that lack of knowledge caused the repairs to be unauthorized or otherwise caused him to suffer a pecuniary loss.

¶17　Finally, Riel contends that statements in *Moonlight v. Boyce*, 125 Wis. 2d 298, 372 N.W.2d 479 (Ct. App. 1985) and *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 542 N.W.2d 148 (1996) support his argument that Prager's alleged violation of WIS. ADMIN. CODE § ATCP 132.03(3)(f) caused him to suffer a pecuniary loss. In *Moonlight*, a landlord violated an administrative regulation by withholding a tenant's security deposit without providing the tenant with a written statement of damages within 21 days, and the tenant sued under WIS. STAT. § 100.20(5). *Moonlight*, 125 Wis. 2d at 304. This court held that the tenant's pecuniary loss was the amount of the security deposit, regardless of the amount of damages that the landlord could recover on a counterclaim against the tenant. *Id.* at 305-06. In reaching this conclusion, the court observed the following purposes underlying § 100.20(5): to "encourage[] injured tenants to bring legal actions to enforce their rights under the administrative regulations"; to allow the consumer to act as a "private attorney general" and enforce his or her rights under the administrative regulations; to deter impermissible conduct by the regulated industry and strengthen the consumer's bargaining power; and to "provide a necessary backup to the state's enforcement powers under sec. 100.20." *Id.* at 306 n.6. In *Hughes*, our supreme court analyzed a former version of Wisconsin's "lemon law," the violation of which is subject to damages of "twice the amount of any pecuniary loss." *Hughes*, 197 Wis. 2d at 983 (quoting WIS.

STAT. § 218.015(7) (1985)). Observing that "remedial statutes should be liberally construed to suppress the mischief and advance the remedy that the statute intended to afford," the court held that the pecuniary loss for violation of the lemon law included the full purchase price of the car, not just the amount of the buyer's out-of-pocket expenses. *Id.* at 979, 983-85.

¶18     Those statements in *Moonlight* and *Hughes* do not establish that, in this factual scenario, Riel is entitled to damages pursuant to WIS. STAT. § 100.20(5). The proposition that "remedial statutes" such as § 100.20(5) should be "liberally construed" does not call for us to ignore the unambiguous language of that statute. *See DOJ v. DWD*, 2015 WI 114, ¶32, 365 Wis. 2d 694, 875 N.W.2d 545 ("[A] provision can be construed 'liberally' as opposed to 'strictly' only when there is some ambiguity to construe."). Here, as discussed earlier, the unambiguous language of § 100.20(5) establishes that Riel is not entitled to damages because he has not demonstrated that Prager's alleged violation of WIS. ADMIN. CODE ch. ATCP 132 regarding the parts notice caused a pecuniary loss. Further, the facts of *Moonlight* and *Hughes* are not analogous to the facts here. In both of those cases, the court was only tasked with determining the amount of the plaintiff's pecuniary loss; there was no dispute that the plaintiff suffered a pecuniary loss "because of" a violation of a statute or an administrative regulation.

¶19     In sum, Riel is not entitled to recover damages under WIS. STAT. § 100.20(5) because he has not demonstrated that he suffered a pecuniary loss as a result of a violation of an administrative regulation. As a result, Riel is not entitled to recover "double damages," costs, or attorney's fees under § 100.20(5). *See Grand View Windows*, 349 Wis. 2d 759, ¶46 ("A pecuniary loss is a condition precedent to recovery of costs and attorney's fees."); *Paulik v. Coombs*, 120 Wis. 2d 431, 438, 355 N.W.2d 357 (Ct. App. 1984) ("[T]he only requirement necessary

for the tenant to be awarded attorneys fees is that he prevail on his claim for double damages under sec. 100.20(5)." (emphasis omitted)). Thus, because Riel's claim for damages is tethered exclusively to § 100.20(5), we conclude that the circuit court properly directed a verdict with respect to Riel's WIS. ADMIN. CODE § ATCP 132.03 claim.[6]

¶20 Prager requests an award of costs and attorney fees incurred in this appeal pursuant to WIS. STAT. RULE 809.25 on the ground that Riel's entire appeal is frivolous. Whether an appeal is frivolous is a question of law. *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. Sanctions for a frivolous appeal will be imposed if the court concludes that the "party or party's attorney knew, or should have known, that the appeal … [had no] reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *Id.* (quoting RULE 809.25(3)(c)2.). This standard is objective, so we must examine what a "reasonable party or attorney knew or should have known under the same or similar circumstances." *Id.*

¶21 As discussed in this order, Riel's arguments on appeal are weak and do not succeed. However, we cannot conclude in these circumstances that Riel's

---

[6] Riel appeals the circuit court's denial of his motion for summary judgment with respect to the WIS. ADMIN. CODE § ATCP 132.03 claim. However, that motion did not request summary judgment on the issue of damages for that claim. Riel also argues that the circuit court erroneously denied his motion for partial summary judgment with respect to Prager's personal liability for Riel's claims. Because we conclude that Riel is not entitled to any damages for his ch. ATCP 132 claim and that claim fails, we need not address whether the circuit court erred in denying Riel's motion for partial summary judgment. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

arguments lack any "reasonable basis in law or equity." *See **id.*** Accordingly, we conclude that Riel's appeal is not frivolous, and we deny Prager's motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.